## ENGLISH *v.* SMITH.

TRANSCRIPT OF JUDGMENT.—AUTHENTICATION OF.—Suit upon the transcript of a judgment rendered in the Supreme Court of the *District of Columbia*. The certificate of the judge was "that the foregoing attestation of A B, clerk of said court, is in due form."

*Held*, that the authentication of the transcript was sufficient under the statute. 2 G. & H. 185.

APPEAL from the *Marion* Common Pleas.

GREGORY, C. J.—*Smith* sued *English* upon a judgment of the Supreme Court of the *District of Columbia*. The defendant answered by a general denial. Trial by the court, finding for the plaintiff, motion for a new trial overruled, and judgment. The only evidence introduced was a certified transcript of the record of the proceedings and judgment of the Supreme Court of the *District of Columbia*.

The appellant, at the proper time, objected to the introduction of the transcript, because the certificate of the judge attached thereto does not certify that the person whose name is attached to the clerk's certificate was clerk, and because the judge's certificate is not followed by a certificate of the official character of the judge.

The judge certifies " that the foregoing attestation of *Return J. Meigs*, clerk of said court, is in due form." Section one, article four, of the constitution of the *United States*, provides that "full faith and credit shall, be given in each State to the public acts, records and judicial proceedings of every other State; and the congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." It is contended by the appellant's counsel that this provision applies only to judgments rendered in a State, and does not apply to the *District of Columbia*, and that the power of congress to legislate as to the manner in which such judgments shall be proven is necessarily limited to the judgments specified in the first part of the section. Section two of the act of congress of the 27th of *March*, 1804, provides that " all the provisions of this act, and the act to which this is a supplement, shall apply as well to the public acts, records, office books, judicial proceedings, courts and offices of the respective territories of the *United States*, and countries subject to the jurisdiction of the *United States*, as to the public acts, records, office books, judicial proceedings, courts and offices of the several States." Brightly's Digest § 11. p. 266. It is contended that this section does not embrace the records of judicial proceedings of the courts in the *District of Columbia*; that that district is not included in the clause, " countries subject to the jurisdiction of the *United States*."

These are grave questions, involving the construction of section one of article four of the constitution of the *United States*, and of the second section of the act of congress of *March*, 27, 1804. We do not feel called upon to decide

these questions, however, as we think the authentication of the transcript of the record in question is a substantial compliance with the provisions of the law of this State on the subject. 2 G. & H, § 286 p. 185.

The certificate of the chief justice and that of the clerk bear date on the same day. In such case, the judge's certificate "that the foregoing attestation of *Return J. Meigs*, clerk of said court, is in due form," is equivalent to certifying that "*Return J. Meigs* was, at the date of said certificate, the clerk of said court, and that his attestation is in due form of law." A somewhat similar question was ruled in *Gavit* v. *Snowhill* 2 Dutcher (N. J.) 76.

If *Meigs* was not the clerk of the court at the time he made the certificate, then it was not the "attestation of the clerk of said court," as certified by the chief justice. And moreover the clerk was the keeper of the seal of the court, and its use proved the authenticity of the certificate, and the attestation could not be in "due form" without its use.

The judgment is affirmed, with costs.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks* for appellant.

*A. G. Porter, B. Harrison* and *W. P. Fishback*, for appellee.

