Filed Oct. 13, 1885.

---

No. 11,921.

## PERRY v. MAKEMSON.

SPECIAL FINDING.—*General Verdict.*—Special findings of facts by the jury not irreconcilably inconsistent with their general verdict will not overcome the latter.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb the general verdict of the jury upon the weight of the evidence.

SAME.—*Instructions.—Harmless Error.*—Error in any one or more instructions given by the trial court is not sufficient ground for the reversal of a judgment which is right on the evidence.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellant.

HOWK, J.—This was a suit by the appellant, Perry, to recover the possession of certain real estate in Kosciusko county, which he alleged that the appellee had held under a tenancy from him, which tenancy had then expired, and that appellee unlawfully held over and detained the possession of such real estate from him. The issues in the cause were tried by a jury, and a general verdict was returned for the appellee, the defendant below. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant, under the direction of the court. Over the appellant's motion for judgment in his favor on the special findings of the jury notwithstanding their general verdict, and his motion for a new trial, the court rendered judgment on the general verdict.

Several errors are assigned by the appellant in this court,

but the record of this cause is in such an imperfect and unfinished condition that it is at least doubtful whether any of the errors complained of are properly presented for our decision. But the appellee is not here objecting to the many defects in the transcript, nor has he filed any brief or argument in support of the rulings below, of which appellant complains.

Appellant's counsel first insists very earnestly that the trial court erred in overruling his motion for judgment, in his favor, on the special findings of the jury notwithstanding their general verdict. Conceding, without deciding, that the appellant's interrogatories and the answers of the jury thereto are properly in the record, we will consider and decide the question of their sufficiency to control the general verdict. Appellant propounded twelve interrogatories, to which the jury returned answers with their general verdict. It would be unprofitable we think, for us to set out these interrogatories and the answers of the jury thereto in this opinion. It will suffice for us to say that there is not one of the facts, found specially by the jury, which is inconsistent with their general verdict, or which can not be readily reconciled therewith. Section 547, R. S. 1881, provides that " When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." Under this section of the code, this court has uniformly held that unless the special findings of the jury are irreconcilably inconsistent with the general verdict, the latter must stand and judgment be rendered thereon without regard to such special findings. *Detroit, etc., R. R. Co. v. Barton*, 61 Ind. 293; *Baldwin v. Shuter*, 82 Ind. 560; *Grand Rapids, etc., R. R. Co. v. McAnnally*, 98 Ind. 412.

In the case in hand, we are of opinion that the trial court did not err in overruling the appellant's motion for judgment in his favor on the special findings of the jury notwithstanding their general verdict.

Appellant's counsel also insists that the court erred in overruling his motion for a new trial. We can not disturb the

general verdict of the jury upon the evidence. Indeed, from our examination of the evidence, it seems to us that the merits of this cause were fairly tried and determined below, and that the general verdict for appellee was clearly.right. The instructions of the court correctly gave the law of the case to the jury; but, if there were error in any one or more of the instructions, we could not under our decisions, with our view of the case, reverse the judgment below on that ground. This point has often been decided. *Norris* v. *Casel*, 90 Ind. 143; *Daniels* v. *McGinnis*, 97 Ind. 549, and cases cited.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

