Bailey v. Martin et al.

No. 12,997.

## BAILEY v. MARTIN ET AL.

JUDGMENT.—*Of Another State.*—*Action upon.*—*Loss of Complaint and Summons.*—*Proof of.*—*Deposition.*—In an action in this State upon a judgment rendered in another State, the depositions of the attorneys who obtained the judgment, and of the clerk of the court in which it was rendered, are competent to show the existence, loss and contents of the complaint and summons, and of the sheriff's return showing service upon the defendants.

SAME.—*Transcript.*—*Clerk's Certificate.*—*Evidence.*—The certification of the transcript of a judgment as a " true and correct copy" instead of as a " true and complete copy," is good.

SAME.—*Variance.*—Where the judgment sued on and the judgment shown by the transcript introduced in evidence are substantially the same, there is no material variance.

SAME.—*Court of Another State.*—*Jurisdiction.*—*Presumption.*—Where it appears that the court of another State which rendered a judgment sued

upon in this State, was a court of record, having a judge, clerk and seal, its records and proceedings are brought within sections 454 and 472, R. S. 1881, and its jurisdiction and the regularity of its proceedings will be presumed until the contrary is shown.

SAME.—*Evidence.*—*Formal Irregularities.*—Mere formal irregularities constitute no ground for rejecting a duly certified record of a judgment of another State.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellant.

*M. J. Niblack,* for appellees.

BERKSHIRE, J.—This was an action on a judgment rendered in a sister State. The complaint alleges that the appellees recovered a judgment against the appellant and one John Bailey and one Burton Bailey, in the district court within and for the county of Lamar, and State of Texas, at the November term thereof, 1875, for the sum of $1,773.20, with interest thereon at the rate of ten per cent. per annum, and costs amounting to $100, and that the said judgment remains due and wholly unpaid. It is also averred in the complaint that the court had jurisdiction, and that the judgment was duly rendered.

There was no service in this action on John Bailey; Burton Bailey made default, and the appellant appeared and filed an answer in two paragraphs. The first paragraph was a general denial. The second paragraph alleged that, at the time of the commencement of the suit mentioned in the complaint in the State of Texas, and from that time until the rendition of the judgment, the appellant resided in the State of Illinois, and was not during any part of the time in the State of Texas, or a resident of said State, and had no notice of the pendency of the said action, and did not appear thereto, either in person or by attorney.

To the second paragraph of answer the appellees filed a reply in general denial.

The appellant moved to suppress all and parts of the depositions given by E. L. Dohaney, D. Ridley, T. I. Record and I. E. Ellis, taken on behalf of the appellees. The depositions of these witnesses were taken for the purpose of showing the existence, loss and contents of the petition and citation (complaint and summons), and the return of the sheriff endorsed upon the citation.

We are of the opinion that the several objections were properly overruled. The questions and answers disclosed the existence, loss and contents of these several papers. The existence and contents of these said writings were proven by the persons who prepared and filed them, and the loss was shown by the attorneys connected with the case, and by clerks and ex-clerks of the said court, by testimony which tended to show that diligent search had been made therefor among the files of the clerk's office to which they belonged.

The issues were submitted to the court for trial and a finding made for the appellees, and over a motion for a new trial judgment was rendered in accordance with the finding.

After the loss of the petition was proven, E. L. Dohaney, in his deposition, testified that he was a resident of Lamar county, State of Texas, and a lawyer by profession ; that he was personally acquainted with the appellant; that in the summer of 1875 his firm received for collection from the appellees a note signed Bailey Bros. and Thomas S. Bailey, executed October 16th, 1873, payable to the plaintiffs' order four months after date, for the sum of $1,365.80, with ten per cent. interest from maturity and attorneys' fees in case of suit. On the 6th day of July, said attorneys filed a petition or declaration for debt in the ordinary form against the defendants, in the office of the clerk of the district court of Lamar county, Texas ; said cause was duly docketed on the docket of said district court of Lamar county, Texas, entitled, Edward Martin & Co. v. Bailey Bros., No. 2631, and, on the 5th day of November, 1875, judgment was ren-

dered therein. The witness then states that in the State of Texas actions like the one under consideration are commenced by the filing of a petition, and causing the clerk to issue to the sheriff a citation to be served upon the defendant, which is the notice to appear and defend the action, and that the only papers that were filed in the said action were the petition and citation. Exhibit A, filed with and made a part of the witness' deposition, was shown to him, and he testifies that the paper is a substantial copy of the petition filed by his firm in said action. He states that he made the copy from his memory, aided by a memorandum from a private docket kept by his firm, and made at the time the petition was filed.

I. E. Ellis, who was also a member of the firm of Dohaney & Ellis, in his deposition, corroborates the witness E. L. Dohaney, as to the commencement of the suit, the contents of the note sued on and the contents of the petition, and states that he remembers that the citation issued about the 16th day of July, 1875, and that it was executed by the ministerial officer by leaving a copy of both the petition and citation with each of the defendants in person, and that the original was filed among the papers in the cause.

D. Ridley, in his deposition, testifies that when the suit of Martin against Bailey was instituted he was the clerk of the Lamar District Court, and that when the petition was filed he, as such clerk, issued a citation, which was about the 16th day of July, 1875. The witness then states that exhibit B, filed with and made a part of his deposition, is a substantial copy of the citation which he issued.

It will not be necessary to set out in this opinion the petition and citation as evidenced by the exhibits A and B, which appear as parts of the depositions of the witnesses Dohaney and Ridley ; it is sufficient to say that the petition would be good as a complaint on a note in this State, and the citation sufficient as a summons. In fact, the only difference is in the

name by which the papers are known. The following is a copy of the judgment rendered in the cause:

" STATE OF TEXAS, COUNTY OF LAMAR :

" At a regular term of the district court begun and held within and for the county of Lamar, in the State of Texas, at the court-house in Paris, on the 1st day of November, A. D. 1875, and which adjourned on the 1st day of January, A. D. 1876, the Hon. John C. Eastman, judge thereof, presiding, at the trial of the cause of Edward Martin & Co. *v.* Bailey Bros. the following judgment was rendered, viz.: The 5th day of said November term, 1875. Edward Martin & Co. *v.* Bailey Bros. This day came the plaintiffs by their attorneys, and the said defendants having failed to appear and answer in their behalf, but wholly make default, whereupon the plaintiffs, Edward Martin & Co., a firm composed of Edward Martin and John Martin, ought to recover of the said defendants, Burton Bailey, John Bailey and Thomas S. Bailey, their damages by reason of the premises; and it appearing to the court that the cause of action is unliquidated, and a jury having been demanded, it is ordered by the court that a jury be empanelled to assess the damages sustained by the plaintiffs, and thereupon came a jury of good and lawful men, to wit: S. S. Pierson and eleven others, who being duly empanelled, now return the following verdict:

' We, the jury, find for the plaintiffs; principal, thirteen hundred and sixty-five dollars and eighty cents; interest, two hundred and forty dollars and twenty cents, making the aggregate one thousand six hundred and twelve dollars, and we further find attorneys' fees, one hundred and sixty-one dollars and twenty cents.

" ' (Signed)        S. S. PIERSON, Foreman.'

" It is, therefore, considered by the court that the said plaintiffs do have and recover of the said defendants the sum of $1,612, the principal and interest, and the sum of $161.20 attorneys' fees, making a total sum of $1,773.20, with inter-

est thereon at the rate of ten per cent. per annum, together with all costs in this behalf expended, and that they have their execution.   It is further ordered by the court that execution issue for the use of the officers of court against each party responsible for costs, by him in this behalf incurred."

The judgment is followed with the clerk's certificate, then follows the judge's certificate as to the clerk's official character, and the clerk's certificate as to the judge's official character.   The clerk, in his certificate, states that the transcript of the judgment is a " true and correct copy."   The point is made that the certificate is insufficient for the reason that the word *correct* is used instead of the word *complete*; that the certificate should have stated that the transcript of the judgment is a " true and complete copy."   There is nothing in this objection.   The certificates are in proper form and amply good.   *English* v. *Smith*, 26 Ind. 445; *Anderson* v. *Ackerman*, 88 Ind. 481.

It is claimed that there is a variance between the judgment sued on and the judgment introduced in evidence.   The judgment sued on is a judgment in favor of Edward Martin and John Martin against John Bailey, Burton Bailey and Thomas S. Bailey, which is substantially the judgment a transcript of which was given in evidence.   We discover no substantial difference.

The question more earnestly discussed than any other in the case is, that the evidence does not show that the court in which the judgment was rendered was a court of general jurisdiction, and if not a court of general jurisdiction, then it does not appear that it had jurisdiction to render the judgment.   It appears abundantly from the evidence that the district court of Lamar county, Texas, was a court of record, and a court having both a judge and clerk, and a seal; this brings its records and proceedings within the act of Congress, found in R. S. 1881, section 454, and within section 472, *Ib.*, and the presumption must be in favor of its jurisdiction

and the regularity of its proceedings until want of jurisdiction is shown.

We cite the following as some of the many authorities bearing upon the question : *Holt* v. *Alloway*, 2 Blackf. 108; *Anderson* v. *Fry*, 6 Ind. 76; *Westcott* v. *Brown*, 13 Ind. 83; *Teter* v. *Teter*, 88 Ind. 494; *Ault* v. *Zehering*, 38 Ind. 429; *Wetherill* v. *Stillman*, 65 Pa. St. 105; *Redman* v. *Gould*, 7 Blackf. 361. Mere formal irregularities will be no ground for rejecting a duly certified record of a judgment of another State. *Taylor* v. *Heitz*, 87 Mo. 660; 1 Wharton Ev., sections 97, 808; *Sears* v. *Dacey*, 122 Mass. 388; 1 Greenleaf Ev., sections 505, 506; Freeman Judg., section 565.

There was no evidence offered tending to prove the second paragraph of the appellant's answer.

Judgment affirmed, with costs.

