# WILSON v. RECORD.

[No. 6,692. Filed February 18, 1910.]

1. CONTRACTS.—*Breach.*—*Complaint.*—A complaint by a subcontractor alleging that defendant contractor employed him to perform certain work, that he performed it, and that, at defendant's request, he performed certain extra work, and that for such service a certain sum was due and unpaid, is sufficient when attacked for the first time on appeal, such complaint being sufficient to bar another action for the same cause. p. 373.

2. APPEAL.—*Weighing Evidence.*—*Contracts.*—*Bonds.*—In an action against a city contractor and the sureties on his bond, evidence that the plaintiff performed services for such contractor and also

certain extra work, for which he had not been paid, is sufficient, on appeal, to support a verdict and judgment against such contractor, though the bond itself was not introduced in evidence. p. 374.

3. APPEAL.—*Affirmance with Damages.*—Damages may be awarded upon the affirmance of a judgment on appeal. p. 374.

From Howard Superior Court; *Patrick H. Elliott,* Judge.

Action by Adam Record against John W. Wilson. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Blacklidge & Wolf,* for appellant.
*John C. Joyce* and *Joseph C. Herron,* for appellee.

RABB, P. J.—Appellant entered into a contract with the city of Kokomo for the construction of certain cement sidewalks in the city, and, to secure the performance of the contract on his part, executed to the city a bond in the penalty of $4,400, with certain named parties as sureties thereon, conditioned for the faithful performance of the contract on his part. After said contract had been entered into between appellant and the city, appellant and appellee entered into a written contract, by which appellee contracted to perform certain parts of the work, included in the original contract between the city and appellant, for which he was to be paid a certain named price.

This action was originally brought against appellant and the sureties named in the bond given to the city. The complaint averred the making of the contracts before mentioned and the execution of the bond by appellant and sureties to the city, and copies of each of the contracts and of the bond were filed with and made parts of the complaint. It was further averred in the complaint that the work had been completed and had been accepted by the city, and that the appellee had performed all of the conditions of the subcontracts on his part, and, in addition thereto, it was averred that, at the special instance and request of appellant, appellee performed certain extra work in connection with the making of said improvements, which work was not included

within the terms of the contract between appellant and appellee, and that there was due from appellant to appellee, on account of the work done by him under said written contract between them, and said extra work done by appellee at appellant's instance and request, the sum of $252.65, and judgment was prayed against all of the defendants for the amount due to appellee from appellant. The case was put at issue and submitted to a jury for trial, but before the verdict was returned the cause was dismissed as to all the defendants except appellant. The trial resulted in a verdict in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict against appellant.

It is insisted that the judgment below should be reversed: (1) Because the complaint fails to state a cause of action; (2) because the evidence is insufficient to sustain the verdict, and (3) because the court erred in permitting appellee to make proof of the extra work alleged to have been done by him at appellant's request.

No exception was taken by appellant to the complaint by demurrer, and the question of its sufficiency upon any theory is presented for the first time in this court. It is

1. appellant's contention that the complaint is bad, for the reason that it is predicated upon the bond given by the original contractor to the city, and that the facts averred failed to show a right in appellee to maintain an action on the bond, and that such being the theory of his case he cannot be permitted to wage his action upon one theory and recover upon another. It may be conceded that appellee's complaint fails to state facts sufficient to make out a case for him upon the bond given by appellant to the city, but it does aver ample facts to show a right of recovery in appellee against appellant for all the work done by appellee, both under the written contract between the parties and the extra work alleged to have been done by appellee at appellant's instance and request. The appellant joined issue

upon this complaint and went to trial. He took a chance to win or lose, and there can be no question that if the appellant had recovered judgment against appellee upon the issues thus formed, such judgment would have been a complete bar to another action by appellee to recover for the work alleged in the complaint to have been done by appellee under the written contract and at the appellant's request. Such being the case, he cannot now be heard to question the theory of appellee's complaint. *Board, etc.*, v. *Chipps* (1892), 131 Ind. 56, 16 L. R. A. 228; *Bedford Belt R. Co.* v. *Brown* (1895), 142 Ind. 659; *Duffy* v. *Carman* (1891), 3 Ind. App. 207; *Cleveland, etc., R. Co.* v. *Baker* (1900), 24 Ind. App. 152; *Efroymson* v. *Smith* (1902), 29 Ind. App. 451.

For the same reason, appellant's contentions that the evidence is insufficient to sustain the verdict, and that the court erred in the admission of proof of extra work

2.   alleged to have been done by the appellee, must fail.

There was sufficient evidence to show that there was something due to the appellee from appellant, on account of work done by him, under the written contract alleged in the complaint to have been made between the parties, and that appellee did certain work, not provided for in the contract, at the special instance and request of the appellant, and for which the appellant was indebted to him. The sole ground upon which it is contended that the evidence is insufficient to sustain the verdict is that the complaint was predicated upon the bond in suit, and that the bond was not introduced in evidence. This contention cannot prevail on this appeal, for the reason heretofore stated, and, for the same reason, appellant's objection to the proof of extra work, permitted by the court to go to the jury, must go down.

3.   The judgment of the court below is affirmed, with ten per cent damages.