524          APPELLATE COURT OF INDIANA,

Western Brass Mfg. Co. *v.* Haynes Auto. Co.—61 Ind. App. 524.

## WESTERN BRASS MANUFACTURING COMPANY
### *v.* HAYNES AUTOMOBILE COMPANY.

[No. 9,003.   Filed April 5, 1916.]

1. APPEAL.—*Theory of Case.*—*Change on Appeal.*—Where the trial proceeded on the theory of an implied warranty, the court on appeal will not permit appellant to change its position and uphold its contention that a written warranty as to quality alone is involved and controls the rights of the parties.   p. 526.

2. SALES.—*Breach of Warranty.*—*Sufficiency of Evidence.*—Where there was evidence to show that brass railings sold to be used in the equipment of automobiles were sold on information as to the use that was to be made of them, but that they were of an inferior grade and not substantial, it was sufficient, though in conflict with evidence produced by appellant, to sustain a verdict for appellant in the amount that appellee admitted that it owed.   p. 526.

3. APPEAL.—*Review.*—*Instructions.*—Where the issues were drawn and the case tried on the theory that there was an implied warranty of the goods sold to defendant, instructions stating the law upon that theory were not erroneous, and if plaintiff desired an instruction upon the written contract involved, it should have requested same.   p. 528.

4. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—Where no damages were allowed on appellee's cross-complaint, error, if any, in instructions given upon the question of damages claimed in such cross-complaint was harmless.   p. 529.

From Howard Circuit Court; *William C. Purdum*, Judge.

Action by the Western Brass Manufacturing Company against the Haynes Automobile Company. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Overton & Joyce*, for appellant.
*Blacklidge, Wolf & Barnes*, for appellee.

IBACH, C. J.—This is an action to recover a balance of $269.78 claimed to be due appellant for brass rails and foot rests sold to appellee. The first paragraph of the answer is a general denial, the second a plea of payment. The third is based

on an alleged agreement to furnish appellee such rails as were fitted for use in the automobiles which it manufactured, and a failure to perform. It is also averred in this paragraph that many of the rails furnished were returned, leaving a balance due of $42.52, which sum was tendered to appellant before suit. The fourth is designated a counterclaim for damages, in which it is averred that the rails delivered were not as ordered, and damages resulted therefrom. The fifth alleges that there was an implied warranty in the sale of the articles furnished that they would be reasonably suited for appellee's special use, but they were not, and were returned except to the amount of $42.52. Issues were joined by a reply of general denial to each paragraph of answer except the first. Before the trial, there had been an offer to confess judgment for the amount not in dispute. There was a verdict and judgment for appellant for $42.52 and costs to the time the offer to confess judgment was made. The errors assigned arise on the overruling of appellant's motion for a new trial.

Appellant asserts that the clause in the written contract, "above material to be A1 in all particulars," related only to the quality of the materials used in the manufacture of the articles embraced in the contract, and did not include fitness for any particular use. Preliminary to referring to the evidence, it is proper to state that each special answer and the pleading termed "counterclaim" proceeded upon the theory that the written warranty covered the reasonable fitness and suitability of the rails purchased for the uses intended. The fifth paragraph set up an implied warranty of fitness for use, and a violation of such warranty. No demurrer was filed to any of these pleadings.

526    APPELLATE COURT OF INDIANA,

Western Brass Mfg. Co. *v.* Haynes Auto. Co.—61 Ind. App. 524.

Evidence was introduced by appellee to support the theories expressed in the pleadings, without objection. It is clear from the entire record that the trial proceeded upon the theory that the 1. question of an implied warranty was properly in the case and two of appellant's instructions were drawn upon that theory. This fact is also made apparent because appellant did not request a single instruction on the proposition that the written contract contained but a single warranty. Since both parties tried the case on the theory that appellee's pleadings were good in law, this court will not now permit appellant to change its position and uphold the contention that the judgment should be reversed for the reason that the written warranty as to the quality of the materials used in the articles purchased alone is involved in the case and controls the rights of the parties. *Terre Haute, etc., R. Co.* v. *Crawford* (1885), 100 Ind. 550, 553, 554; *Wilson* v. *Record* (1910), 45 Ind. App. 371, 374, 90 N. E. 906.

It is conceded that the contract in question was made by the McCullough Motor Supply Company on behalf of appellant. The evidence shows 2. that Mr. McCullough made the contract and at the time was informed that the brass rails purchased were to be manufactured for appellee to be used by it in the equipment of its motor cars. There is evidence which shows that both the foot rails and robe rails were inferior and not substantial. Quoting from the evidence, "A man taking hold of them in pulling himself up into the car which is natural, they would break and bend out of shape and the weight of a foot would bend the foot rail out of shape." Witness Lejuste, who represented appellee in the transaction, testified among other things that he had represented

the Apperson Brothers Company in the same capacity when purchasing brass rails to be used in automobiles manufactured by that company, but these goods were not as good as he had previously purchased for that company, although he believed that he was purchasing the same class of goods. The following letter written by appellee to appellant formed a part of the evidence:

"Replying to your letter of the 22d will say that it is true we specified lock joint robe and foot rails, but these rails are not as good as you furnished the Apperson Bros. Automobile Co. There must be something different so far as tubing is concerned. The writer is not positive of the fact, but thinks the tubing is of a lighter gauge."

It was admitted by appellant that the materials sold were not suitable for rails more than thirty-three inches long, and were not generally recommended when the rails were to be longer, and yet the evidence shows that appellant knew when this sale was made that the rails used by appellee in its cars and specified in the contract were more than thirty-three inches in length. The contract provided that all materials were to be A1 in all particulars. After discovering that the rails furnished were not suitable for appellee's cars, a letter was written to appellant, of which the following is the material part:

"We must have better robe rails and foot rests, otherwise we will have to change the account. If you can not give us some in lock joint tubing, we will have to have seamless tubing as it is very evident to the writer that you are not using as heavy gauge materials as you have been in the past. We will thank you for an early explanation of the

matter. We are having a number of complaints from our customers, due to the fact that tubing used is entirely too light for the purpose."

Six days after the receipt of this letter appellant replied that it would figure upon using something other than a "lock-joint rail." On the following day, appellee wrote another letter to appellant requesting a change of materials, but in the meantime appellant continued to furnish the same rails, and then wrote to appellee that it had filled the order unless additional rails were needed. The evidence shows that the last shipment was made five days after the letter was written to appellant notifying it that the rails furnished were not fitted for the use intended, and that other rails would have to be furnished. There is much other evidence from which it could be reasonably inferred that appellant was furnishing imperfect and unsuitable rails. The evidence also shows that an offer was made by appellee to return the defective rails then in its possession. Although there is some evidence produced by appellant in conflict with that produced by appellee, there is ample evidence to support the verdict.

Many objections are urged to the instructions given by the court and to the action of the court in refusing some of those requested by appellant, but it is not necessary to discuss each objection separately. It is to be observed that appellee did not request any instructions interpreting the written contract and it may be stated that all the objections urged to the instructions given hinge on the proposition contained in them which had to do with implied warranties, when goods are sold to be fit and suitable for a particular use. It was upon the theory that there

was an implied warranty that the issues were drawn, and the case tried, consequently the instructions given upon that theory were within the issues and proper. If appellant desired an instruction which placed a construction upon the written contract, it should have requested it. But it seems apparent that, when the case was tried, no construction other than that placed on it by the parties themselves was contended for.

It is not necessary to discuss the instructions given upon the question of the damages claimed by appellee in its cross complaint, because if incorrect, no harm came to appellant on account thereof, as no damages were allowed appellee on this branch of the case.

The verdict is clearly right on the evidence and we find no reversible error. *Lafayette, etc., R. Co.* v. *Adams* (1866), 26 Ind. 76; *Perry* v. *Makemson* (1885), 103 Ind. 300, 2 N. E. 713. Judgment affirmed.

NOTE.—Reported in 112 N. E. 108. As to privilege of returning goods purchased as bar to claim for breach of warranty, see Ann. Cas. 1915 D 1159.