APPLEGATE *v.* APPLEGATE.

[No. 15,420. Filed December 15, 1937. Rehearing denied January 27, 1938.]

*John E. Osborn, Ira B. Hamilton* and *John M. Wood,* for appellant.

*Walter G. Todd,* for appellee.

LAYMON, C. J.—This is an appeal from a judgment of the Decatur Circuit Court denying appellant an absolute divorce from the appellee. The issues consisted of a complaint in one paragraph, to which appellee filed an answer in two paragraphs, the first in general denial, and the second alleging in substance that on the 19th day of February, 1929, the appellee secured a decree of

divorce from appellant in the State of Nevada at Reno; that said divorce decree was final and was never appealed from or set aside and is in full force and effect; that by reason of such decree appellant has no cause of action for divorce against appellee. To the second paragraph of answer appellant filed a reply in general denial. The cause was tried on these issues, resulting in a finding and judgment for appellee. Within due time the appellant filed a motion for a new trial, alleging as causes therefor that the finding of the court is not sustained by sufficient evidence; that it is contrary to law; and that the court erred in the admission of certain evidence.

Appellant asserts in her brief: "The only question involved in this case is whether or not the defendant [appellee] was entitled to introduce evidence purporting to show former adjudication under his second paragraph of answer."

The evidence admitted and complained of consisted of a duly authenticated transcript of the judgment and decree of the District Court of the Second Judicial District of the state of Nevada, in and for the county of Washoe, entered by said court on the 19th day of February, 1929. This transcript was identified as Appellee's Exhibit A. Appellant complains of error of the trial court in the admission in evidence of this exhibit upon the grounds: That appellee's second paragraph of answer did not allege that the court in the State of Nevada was a court of competent jurisdiction; that the decree in said court was rendered upon the merits; or that said court had jurisdiction of the subject-matter and of the parties. Appellant further complains of the admission of the exhibit in evidence upon the ground that the transcript of the decree did not disclose any pleadings having been filed in said court.

Appellant does not question the authenticity of the

exhibit nor the fact that it shows an entry of a judgment and decree given by the District Court of the Second Judicial District of the State of Nevada, in and for the County of Washoe, awarding appellee an absolute divorce from appellant. Under such circumstances the exhibit was proper to be admitted in evidence. §§2-1605 and 2-1606 Burns 1933, §§273, 248 Baldwin's 1934.

The fact that the transcript did not contain the pleadings and issues tendered before the Nevada court would not be a sufficient reason for the exclusion of said exhibit. *Roberts* v. *Leutzke et al.* (1907), 39 Ind. App. 577, 78 N. E. 635.

It clearly appears from the transcript that said court had a judge, clerk, and seal, from which a presumption arises that the court was one of general jurisdiction, that it had jurisdiction of the subject-matter of the action and of the parties thereto, and that the proceedings were regular and according to the laws of Nevada, at least until want of jurisdiction is shown. *American Mutual Life Insurance Co.* v. *Mason* (1902), 159 Ind. 15, 19, 64 N. E. 525. This presumption would prevail until overcome by evidence to the contrary. There was no evidence to the effect that the Nevada court did not have jurisdiction of the subject-matter of the action or of the parties thereto. Appellant, on cross-examination, testified that appellee applied for a divorce in Nevada in 1929, and that she was notified of this action by summons.

Further, appellant urges that the exhibit was improperly admitted in evidence because of appellee's failure to plead all of the essential facts necessary to constitute a plea of former adjudication. The record discloses that no demurrer or any motion was filed by appellant in the trial court questioning the sufficiency of appellee's second paragraph of answer.

Appellee's second paragraph of answer does allege in effect that no marital relationship existed between appellant and appellee at the time of instituting the present action, which fact, if established, would be sufficient to warrant the trial court in refusing a divorce. We conclude that there was no error in admitting the exhibit in evidence.

There is ample evidence to sustain the finding of the trial court, and there was no error in overruling appellant's motion for a new trial.

Judgment affirmed.