CARITHERS *v.* CARITHERS

[No. 17,460. Filed March 28, 1946. Rehearing Denied April 26, 1946. Transfer Denied May 20, 1946.]

*Hovey C. Kirk,* of Princeton, for appellant.

*Menzies Lindsey, Henry C. Lynn* and *Roy H. Lynn,* all of Evansville, for appellee.

FLANAGAN C. J.—On November 5, 1943, appellant brought this action against appellee for divorce. Summons was then issued but not served and an alias summons had to be issued. Service was not obtained until April 13, 1944. In the meantime, on January 21, 1944, appellee was granted an absolute divorce from appellant by the First Judicial District Court of the State of Nevada, in and for the County of Ormsby.

When service was finally obtained on the appellee he filed an answer of former adjudication. Trial resulted

in judgment against appellant from which she has perfected this appeal.

Appellant makes three contentions here: First, that the decision of the court is contrary to law because she had commenced her action before the Nevada decree was rendered; second, that the court erred in admitting in evidence the transcript of the Nevada decree because it was not shown that the Nevada court which rendered it was a court of general jurisdiction; and third, that the trial court in this action had no jurisdiction either of the subject matter or of the parties.

Appellant presents no authorities in support of her first proposition and it does not therefore command consideration by us. Rule 2-17 (f), Rules of Supreme Court.

As to the second proposition, it appears from the transcript that the Nevada Court had a judge, clerk and seal. That is sufficient to raise a presumption that it had jurisdiction of the subject matter of the action and of the parties thereto, and that the proceedings were regular and according to the laws of Nevada, at least until want of jurisdiction is shown. *Bailey* v. *Martin* (1888), 119 Ind. 103, 21 N. E. 346; *American Mutual Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 64 N. E. 525; *Applegate* v. *Applegate* (1938), 104 Ind. App. 599, 11 N. E. (2d) 515. The transcript was properly admitted into evidence.

Appellant's third proposition concerns the jurisdiction of the trial court in this action. This question appellant seeks to present for the first time on appeal. This she cannot do as to the jurisdiction of the trial court over the parties or the particular action. Jurisdiction of the subject matter may be questioned at any time. However, there is no merit in the

contention that the Gibson Circuit Court did not have jurisdiction of the subject matter. It is a court of general jurisdiction and has jurisdiction in actions for divorce.

The question as to whether or not appellee was a bona fide resident of the state of Nevada at the time the decree was rendered there has not been presented to us in this appeal.

Counsel for appellant has suggested in argument that the Nevada divorce decree cannot be considered valid in Indiana because appellee was never a bona fide resident of Nevada but was at all times a resident of Indiana and that he went to Nevada for the sole and fraudulent purpose of obtaining a divorce which he could not secure here. We cannot say what merit there is in such contention because appellant has wholly failed to present it for our consideration. Mere suggestion in argument is not sufficient to present a legal question which is not to be found among the propositions, points and authorities.

Judgment affirmed.

Note.—Reported in 65 N. E. (2d) 640.