KREUGER *v.* NEUMANN

[No. 18,939. Filed December 19, 1958. Rehearing denied January 19, 1959. Transfer denied March 4, 1959.]

*William L. Craig, McCray, Merrill, Clark & Craig* and *John H. Jennings,* all of Evansville, for appellant.

*R. Vance Hartke, Wilbur F. Dassell, William B. Combs* and *Warren, Merrell & Combs,* all of Evansville, for appellee.

BOWEN, J.—This is an appeal from consolidated causes of action for personal injuries and property damage filed by the appellant against appellee for damages allegedly arising out of a collision between an automobile owned and operated by appellant and an automobile owned and driven by appellee which allegedly occurred about eight miles West of the City of Evansville, Indiana.

To the complaints of appellant the appellee filed cross-complaints for personal injuries and property damage, and upon the closing of the issues the consolidated causes were tried to a jury.

The jury returned a verdict against the appellant and in favor of the appellee on his cross-complaint for property damage in the amount of $750.00 and against the appellant and in favor of appellee on his cross-complaint for personal injuries in the amount of $6,000.00, and judgments were rendered on such verdicts in such

sums of $750.00 and $6,000.00 respectively, together with costs.

The appellant filed a motion for a new trial in such consolidated causes which was overruled by the trial court, and this appeal followed.

Appellant refers in his brief to assigned errors numbered two, three, four, five and six, but he has wholly failed to set out such assigned errors or even the substance thereof in such brief. By reason of Rule 2-17 of the Supreme and Appellate Courts, no error has been presented to this court as to such matters. *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166; *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432.

Assigned error number one is that the court erred in overruling appellant's motion for a new trial. Grounds of the motion for a new trial were, (1) that the verdict of the jury is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) that the damages assessed by the jury are excessive; and (4) error of law in the action of the court in overruling the objection of appellant and cross-defendant to a question asked one Blanche Snyder, a witness called on behalf of such cross-defendant, concerning statements made to her by the appellee following the accident, and in admitting such answers in evidence. The grounds of such objection were that it was hearsay evidence, self-serving, and that a proper foundation was not laid for such testimony. Specification number three in such motion for a new trial has been waived by a failure to support such specification by either argument or authority. Rule 2-17, Rules of the Supreme Court; *Egger* v. *Huff* (1948), 118 Ind. App. 461, 81 N. E. 2d 378; *Carithers* v. *Carithers* (1946), 116 Ind. App. 607, 65 N. E. 2d

640; *Anderson* v. *Moise* (1945), 116 Ind. App. 240, 63 N. E. 2d 303.

Specifications one and two of the motion for a new trial are not supported by authority in appellant's brief and are based on the contention that the testimony of police officer Cooper shows that appellee was guilty of contributory negligence and that therefore appellee is precluded, as a matter of law, from recovering in these actions. Such testimony involves the conclusion of appellant's counsel as to the significance of such testimony with reference to skid marks, points of impact, and debris on the highway, by which conclusion the appellant insists that the physical facts with reference to the skid marks taken in connection with the other testimony in the case establishes a situation where the only reasonable conclusion to be drawn is that the appellee was guilty of contributory negligence as a matter of law.

Counsel has presented a very ingenious argument with reference to such testimony to support the contention that appellee was guilty of contributory negligence as a matter of law. It might be well to observe that in some recent decisions, in passing upon the question of contributory negligence as a matter of law, courts have narrowly limited the possibility of factual situations which could in any event constitute contributory negligence as a matter of law, and to the point where it might be difficult to find a situation, on a basis of the comparative facts of the recorded decisions, where it could ever be said that a single inference could be drawn in *any* case that a course of conduct constituted contributory negligence, regardless of certain obvious physical facts and circumstances. It might be wise for our courts to take a second look with reference to the present status of the

rule as to contributory negligence as a matter of law. See *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453, 108 N. E. 2d 57; *Morrow, Inc.* v. *Munson* (1958), 129 Ind. App. 113, 150 N. E. 2d 256.

On the basis of the above two cases we are constrained to hold in the instant case that from the facts shown in the record we cannot rule that appellee was guilty of contributory negligence as a matter of law. Furthermore, we must recognize in this case that the conclusions drawn by counsel as to the effect of certain evidence of physical facts and circumstances having to do with skid marks, position of cars, debris, etc., under the circumstances shown, cannot properly be substituted for the verdict of the jury on conflicting evidence. The ingenuity of counsel in the instant matter might have influenced the jury but we are without authority to accept such arguments in this appeal upon the present status of the law in this regard.

A more serious question has been presented in this appeal by specification number 4 in appellant's motion for a new trial. In such specification the appellant urges:

"(a) The court erred in overruling the objection of the plaintiff and cross defendant to the following question propounded by the defendant and cross complainant during the direct examination of Blanche Snyder, a witness called on behalf of the defendant and cross complainant, and in admitting the answer thereto in evidence, which question, objection, and answer, and ruling of the court thereon, are in the following words:

"Q. Will you tell the jury what you heard him say?

"By Mr. Jennings: Objection. We think it is hearsay evidence and self-serving, and they have not made the proper foundation for the testimony and I object.

"By the Court: Overruled.

"A. Mr. Neumann said, 'I thought that he was going to hit me, and I got over just as far as I could get without taking the mail boxes down,' and he said, 'I don't know what the man meant,' and that is all he said. There were others there that heard him.'"

From the record it appears that immediately after the crash the witness Snyder went outside and saw the appellee on the ground and that she then went into the house to get a blanket to cover him. The evidence is not exactly clear as to whether the statement was made to Mrs. Snyder when she first reached the appellee or whether it was made after she returned with the blanket. The record in this regard is as follows:

"Q. On the night of this accident, what was the first you knew about it?

"A. I heard the crash.

"Q. Where were you at that time?

"A. In my living room.

"Q. Did you go to the scene of the accident?

"A. Yes, immediately.

"Q. When you got to the scene of the accident, did you see the automobiles?

"A. Yes.

"Q. Did you see their position on the highway?

"A. I did, Mr. Neumann's—I know Mr. Kreuger's was on the highway, and Mr. Neumann's was off the highway.

"Q. Did you see Mr. Kreuger at all that night?

"A. Yes.

"Q. And did you see Mr. Neumann?

"A. Yes.

"Q. Where was Mr. Neumann when you saw him?

"A. They were getting him out of the car.

"Q. And where did they put him?

"A. If I remember correctly, they put him on the ground—Maybe they laid him on the side, I don't remember for sure.

"Q. Do you recall, it was the ground?

"A. Yes, sir.

"Q. What did you do if anything at that time?

"A. I went in the house to get a blanket to cover him.

"Q. Did you talk to Mr. Neumann at all?

"A. Well no, I did hear him talk.

"Q. Will you tell the jury what you heard him say?

"By Mr. Jennings: Objection, we think it is hearsay evidence, and self-serving, and they have not laid the proper foundation for the testimony, and I object.

"By the Court: Overruled.

"Q. Go right ahead, Mrs. Snyder.

"A. Mr. Neumann said—'I saw that he was going to hit me and I got over just as far as I could get without taking the mailboxes down,' and he said, 'I don't know what the man meant,' and that is all he said. There were others there that heard him.

"Q. He wasn't addressing these remarks to you?

"A. No, he was just talking.

"Q. And he was lying there after the accident?

"A. Yes."

The record shows that the appellee had suffered a compound comminuted fracture of the left leg just below the knee; there was a two or three inch wound on the leg just below the knee with fragments of bone sticking through the skin; he had two or three lacerations on the right leg and on the chin and in his mouth; he complained of severe pains in the chest, and he was in a lot of pain and moaning.

Appellant's assignment of error questions the admissibility of the testimony of Mrs. Snyder as to the statements made by appellee on the ground that such statements could not properly be considered a part of the res gestae and therefore come within the exception to the hearsay rule. As we approach consideration of

this question we are not unmindful of the language contained in 6 Wigmore, Evidence (3d Ed.), §1745, p. 131, which in discussing the res gestae rule states:

"On the one hand, to repeat without comment the often meaningless and unhelpful language of the Courts is to shirk the duty of the expositor of the law as it is."

However, language has been used in some of the recorded cases which afford some light and meaning to the res gestae rule. It is stated by Judge Lacombe in *United States* v. *King*, 34 Fed. 302, 314 (CC. E. D. New York, 1888):

"There is a principle in the law of evidence which is known as 'res gestae'; that is, the declarations of an individual made at the moment of a particular occurrence, when the circumstances are such that we may assume that his mind is controlled by the event, may be received in evidence, because they are supposed to be expressions involuntarily forced out of him by the particular event, and thus have an element of truthfulness they might otherwise not have."

On the question of the time of the utterance it is stated in 6 Wigmore, Evidence (3d Ed.), §1750, p. 142:

"The utterance must have been before there has been time to contrive and misrepresent, i.e. while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance. This limitation is in practice the subject of most of the rulings."

Courts have generally refused to apply any "imaginary line" of time in applying the res gestae rule. *Kennedy* v. *Rochester etc. Railroad Co.* (1891), 130 N. Y. 654, 29 N. E. 141. As stated in Blashfield, Cyclopedia of Automobile Law and Practice, 9C, §6251, pp. 424, 425: "The question of what

statements or acts are parts of the res gestae depends, not alone upon the time at which the statements were made or the acts committed, but also upon all the other surrounding circumstances. The judicial idea of matters within the res gestae rule is broader under American decisions than under the very restricted interpretation of the English courts." Citing *Stahl* v. *Cooper* (1948), 117 Colo. 468, 190 P. 2d 891.

Indiana is firmly committed to the rule that the admission of evidence coming within the res gestae rule is peculiarly within the discretion of the ■ trial court. *Pittsburgh, etc., R. Co.* v. *Haislup* (1907), 39 Ind. App. 394, 79 N. E. 1035; *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N. E. 962; *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 13 N. E. 2d 535.

Considering the evidence which the trial court within its discretion saw fit to admit, and which is questioned in this appeal, in the light of the serious injuries ■ of the appellee and the fact that he was lying on the ground immediately following the accident, and that while he did not lose consciousness, his mental and physical condition and shock, and the nature of the utterances, in which he was discussing the transaction which had just occurred, it appears to this court that a factual situation is created regarding which it could not be said that the trial court abused its discretion in admitting this evidence under the res gestae rule. The court, under the circumstances shown by the record, could have drawn a reasonable inference that his mind was controlled by the event. The utterances were so directly related to the happening of the event itself that it could fairly be said that the nervous shock predominated, and that as far as the appellee was concerned "the reflective powers were yet in abeyance."

A significant part of Mrs. Snyder's testimony was that she stated he wasn't directing the remarks to her, "he was *just talking*." (Our emphasis.)

Other specifications of error by the appellant relate to appellant's objections to defendant's instruction number 7. However, the appellant fails to cite any authority in support of his contention. Furthermore, this instruction was a correct statement of the law. *Egger* v. *Huff, supra; Carithers* v. *Carithers, supra*. In addition, since the jury found by its verdict that appellee was not liable for any damages, this instruction could not have harmed appellant. *Western Brass Mfg. Co.* v. *Haynes Auto. Co.* (1916), 61 Ind. App. 524, 112 N. E. 108.

Defendant's instruction number 8 is challenged on the ground that it overemphasizes sympathy. This instruction in substance cautioned the jury to render its decision on evidence and to avoid the influence of sympathy. It is within the sound discretion of the court to give or refuse to give cautionary instructions as to such matters, and from an examination of the record herein, it does not appear that the court abused its discretion in this regard. *Shaw* v. *Union Trust Co.* (1923), 79 Ind. App. 277, 137 N. E. 895; *Blizzard* v. *Applegate* (1881), 77 Ind. 516; Blashfield, Cyclopedia of Automobile Law and Practice, 10B, §6671, p. 620.

Appellant charges error in the giving of defendant's instruction number 11 on the claim that there is no evidence to support the charge of speed in excess of sixty-five miles per hour. This instruction is a general instruction relating to the fact that the appellee was not required to prove all of the negligent acts charged, and it was a proper statement of the law, and from the record it does not appear that the defendant tendered any instruction asking that the

question of speed be withdrawn from the jury, nor the other matters complained of in the objection to such instruction. The law is well settled that proof of any one of the acts of negligence charged in the complaint that the injuries were proximately caused thereby would entitle the party to recover if he is free from contributory negligence. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Pettibone* v. *Howard* (1941), 218 Ind. 543, 34 N. E. 2d 12.

No authorities are cited in support of the other instruction complained of, number 17, and the objection that it was superfluous and a harmful repetition of instruction number 11 is without controlling merit. The court, after a careful consideration of the case and the record is of the opinion that the case was fairly tried and a just result reached under the law and the evidence.

The judges of both divisions of this court having been of the unanimous opinion that the questions involved in this cause were of sufficient importance that the two divisions of this court should sit in banc for the consideration and decision of said cause, said court did so sit upon the unanimous decision of this court to such effect.

For the reasons given herein the court did not err in overruling appellant's motion for a new trial, and this court finding no reversible error hereby affirms the judgment.

Royse, C. J., not participating.

NOTE.—Reported in 154 N. E. 2d 741.