McKeen *et al. v.* Porter *et al.*

Filed May 12, 1893.

---

No. 16,478.

## McKeen et al. *v.* Porter et al.

| 134 | 483 |
|-----|-----|
| 143 | 247 |
| 143 | 467 |
| 134 | 483 |
| 160 | 31 |
| 134 | 483 |
| 165 | 131 |
| 165 | 644 |
| 134 | 483 |
| f169 | 29 |

AMENDMENT OF PLEADING.—*Amendment During Second Trial.*—Where the court allowed a complaint to be amended during the second trial, in an action to locate a highway, and the amendment only operated to shift the location of the highway a portion of its width, such amendment could not have injuriously affected the rights of the parties, and the action of the court was not an abuse of discretion.

ASSIGNMENT OF ERRORS.—*When Properly Made.*—*Record Containing Rulings by Two Courts.*—*General Assignment.*—*Practice.*—Where suit was commenced in one county and a change of venue was taken to another, where it was tried and an appeal prosecuted, an assignment of error which alleges that the court erred in certain rulings, not specifying which court, the assignment of error will be limited, if it must be limited, to the rulings of the court from which the appeal was prosecuted. The general assignment will be sufficient when the record shows the ruling and by which court they were made. But in such a case the better practice is to specifically name the court whose ruling is alleged to be erroneous.

McKeen *et al. v.* Porter *et al.*

EVIDENCE.—*Location of Highway.— Twenty Years' User.—Dedication.* — In an action to establish and describe a highway, on the ground of user for twenty years, it was not error to allow proof of a dedication of such highway to the public use, such fact being strongly in cor‚ roboration of the user, and tending to fix a date when such user com‚ menced.

INSTRUCTIONS TO JURY.— *Without the Issues.—Misleading.*—Where an instruction correct in point of law, but not within the issues of the case, is given, such instruction, if tending to mislead the jury into a wrong theory of the case, will amount to reversible error.

SAME.—*Highway.— Twenty Years' User. —Dedication.—Evidence.* —In an action to locate a public highway on the ground of twenty years' user, it was error for the court to refuse to instruct the jury that in a proper case evidences of dedication would be competent to prove a dedication, but that the issue in this case is as to whether or not the road became a public highway by continuous user for twenty years.

From the Fulton Circuit Court.

*H. Corbin, R. B. Oglesbee* and *S. Parker,* for appellants.

*J. D. McLaren* and *E. C. Martindale,* for appellees.

OLDS, J.—The appellees filed their petition under section 5035, R. S. 1881, for the purpose of having a certain alleged highway ascertained, described and entered of record.

The highway sought to be established is situate in Marshall county, Indiana. The petition was filed with the board of commissioners of said Marshall county, and asked the board to proceed to have the public highway in said petition described, which has been used as a public highway for more than twenty years last past, but which has not been recorded, to be ascertained, described and recorded, describing the highway and alleging that lands of certain named persons would be affected, and that notice had been given.

An appeal was taken to the Marshall Circuit Court, where one trial was had. The venue was then changed to the Fulton Circuit Court, where a trial was had, re-

sulting in favor of the appellees and establishing a highway, and from the judgment rendered in the Fulton Circuit Court this appeal is prosecuted.

Some preliminary and minor questions are suggested but not discussed, and we deem it unnecessary to consider them. The questions discussed are such only as arise on the action of the court in overruling the motion for new trial.

The first question discussed relates to the ruling of the court in permitting the appellees to amend their complaint during the trial of the cause in the Fulton Circuit Court, by changing the description of the road—changing it so as to locate the highway further to the east, placing it all on one side of the section line instead of a part on either side, and making it forty feet wide instead of thirty feet wide, as originally described, and it is contended that this was an abuse of the discretion of the court in the matter of allowing amendments to pleadings, in view of the fact that there had been one trial previous to the amendment, and appellees had once before amended their petition in the matter of description, while it was pending in the Marshall Circuit Court. While allowing the amendment at so late a date in such a protracted litigation is holding to a very liberal rule in the matter of amendments, yet all the parties were in court. The change made was only to shift the location of the highway a portion of the width of it to the east. We do not see how it could have operated injuriously to the rights of the appellants, and under the liberal rule of practice in this State, sanctioned by the decisions of this court, it was not an abuse of discretion to allow the amendment to be made. See *Burns* v. *Simmons*, 101 Ind. 557; *Metty* v. *Marsh*, 124 Ind. 18.

It is proper that we should state that the appellees contend that there is no proper assignment of error to pre-

sent any question in this case, for the reason that the record shows that the cause was originally appealed to the Marshall Circuit Court and the venue afterwards changed to the Fulton Circuit Court, from which last named court the appeal is prosecuted, and the assign‧ment of error does not specifically allege in which court the alleged errors were committed, and cite some author‧ities in support of this position. The authorities cited are not in point in this case. They are to the effect that when a cause has been transferred from one court to another, and an appeal prosecuted and errors assigned, naming in the assignment of error the court which it is alleged committed the error, that if the ruling was made by the other court in which the cause was pending, no question is presented. As in this case, if it was alleged in the assignment of error that the Fulton Circuit Court erred in a ruling which that court did not make, but which was made by the Marshall Circuit Court, no question would be presented.

There is some reason for this rule, for by specifically naming the court that it is alleged committed the errors, it would limit the right to challenge any ruling of the other court, but even in that case the rule is somewhat technical, for the record would have to show if such a ruling was made and in which court it was made, and the mistake would be apparent.

While we do not desire to interfere with the rule as established (Elliott's App. Proc., section 306; *Smith* v. *Smith*, 106 Ind. 43), yet we do not desire to extend it.

In this case the appeal is prosecuted from the Fulton Circuit Court, and the assignment of error alleges that the court erred in certain rulings. If the assignment of error be limited to the rulings made by one court, it is limited to the rulings made by the court from which the appeal is prosecuted, and it was in that court that the

McKeen *et al. v.* Porter *et al.*

trial was had and the judgment rendered against the appellants, and in which the motion for a new trial was made and overruled, on which ruling the alleged errors are predicated. The better practice, no doubt, is to specifically name the court which it is alleged erred in its ruling, naming the court which made the ruling alleged to be erroneous, but we think the general assignment as in this case is sufficient, as the record itself must show the rulings, and by which court they were made.

The next question discussed relates to the introduction of evidence arising on motion to strike out a portion of the deposition of one Reuben F. Shirley, being certain questions and answers, which, it is contended, tended to prove, and were propounded and answered for the purpose of proving that the highway sought to be established had been laid out in the first instance, and others that it had been opened up, fenced, and dedicated by the owner of the land as a public highway. It being contended that section 5035, *supra*, recognizes two classes of highways—one which has been laid out but not sufficiently described, and another such as has been used for twenty years but not recorded—and that the petition in this case limited the investigation in this case to the question as to whether the highway had been used for twenty years; that the averments in the petition placed the grounds for the proceeding on that of user alone, and it was immaterial how the road came into existence, whether by an attempt to lay it out or by dedication, and hence no evidence can be introduced tending to prove that the road was laid out or was dedicated by the owner of the land; that the inquiry is limited exclusively to the question of user.

The section of the statute, 5035, *supra*, is somewhat peculiarly worded, but it is immaterial in this connection whether or not it will bear the construction placed

upon it by counsel for appellant; even with such a construction, we do not think there was any error in the admission of the evidence complained of. Under the averments of the petition, that it had become a public highway by twenty years' continuous use as such, it would be competent to prove the facts in relation to the opening up of the highway—whether it was fenced as a highway by the owners of the land, or whether some proceedings were had, followed by its being opened up and worked by the supervisor.

The case proceeds upon the theory that there is no record of valid proceedings by which the highway was established. It is a proceeding to establish a non-recorded highway, and have it ascertained, described, and recorded.

The testimony objected to does not show, or tend to establish, any proceedings before the board of commissioners establishing the highway, except it may be one question asked by counsel for appellant on cross-examination, and counsel can not make available error by propounding improper questions and eliciting improper evidence, or complain after he has done so, if the court will not strike it out.

The extent of the testimony objected to is, that it tends to prove that the owner of the land opened the road up for the use of the public, and may tend to show that he dedicated it to public use, and then followed by evidence as to its user, and there was no error in its admission.

It would be a very technical rule in a case where, on a certain day, the owner of land opened up a highway across his land, fenced it out to the public for the use of the public, and from that date forward it was used and repaired as a public highway—which would hold, on an application such as this, to establish the road on the grounds that it had been used for twenty years, that the petitioners might prove the user back to the day it was

McKeen *et al. v.* Porter *et al.*

opened, but that they could not show that on that day the road was opened up and fenced as a public highway by the owner of the land.   Such fact is strongly in corroboration of the user of the highway, explanatory of its use, and tends to fix a date when such user commenced, and is, we think, clearly legitimate to be shown.  True, the highway may be ascertained, described, and recorded, by proof of user alone, but that does not make the other testimony incompetent.

A more serious question arises on the instructions given and refused in the case.   Objection is made, by counsel for appellee, that the instructions are not properly in the record so as to be considered by the court, but in this counsel are in error.   The instructions are in the record, and on the margin of each it is noted, given, or refused, according to the fact, and excepted to at the time by plaintiff or defendant, as the fact was, and dated and signed by the judge.  In addition to this, they are brought into the record by a bill of exceptions, showing the exceptions to such of the instructions as were excepted to by the appellants.

As we have shown, the appellees alleged in their petition, and sought to have the highway ascertained, described, and recorded, on the sole ground that it had become a public highway by reason of twenty years user as such.   Issues were joined by a denial to the petition. Under the issues joined on this petition, it was immaterial whether there had been any dedication or not, or any attempt to lay it out, it would become a highway and appellees would have just as great a right to the relief asked in case the highway, if the use had been without the consent, or over the objection of the adjoining landowners, as if it had been dedicated by them, if it had been continually used as such for the twenty years. While testimony tending to prove that it had been

opened up and dedicated at a certain time, a certain width, would be proper to show the time when the user commenced, and be corroborative of the fact that it was treated as a public highway, and used as such to that width; yet the legal right to recover under the petition in this case, under the statute, must rest on the twenty years' user. *Strong, Trustee,* v. *Makeever,* 102 Ind. 578; *Washington Ice Co.* v. *Lay,* 103 Ind. 48.

There were instructions given to the jury in this case which were clearly calculated to mislead the jury, bringing before the jury too prominently the question of dedication, and from which they might have inferred that if the highway had been once dedicated, the land-owner dedicating the same to the public and those claiming under him would be estopped from defending or objecting to having the highway described and recorded.

The court, at the request of the appellees, gave the following instruction:

"No. 1. The court instructs you that a dedication is the setting apart of the land for the public use; that a dedication must be accepted by the public within a reasonable time. Dedication may be either express or implied. An express dedication is when the owner by some act or manifestation of his purpose to dedicate the land to the public use. An implied dedication is where the owner by act or course of conduct, by which his intention to dedicate may be implied, and it arises by operation of law from the acts of the owner. It may exist without express grant, without any writing, without any form of words, oral or written. The law considers it in the nature of an estoppel *in pais,* and holds, when once dedicated, either expressly or impliedly, and accepted, to be irrevocable."

We need not approve or disapprove of this instruction as an abstract proposition of law, and hence do neither.

See Elliott on Roads and Streets, p. 85. This instruction had no application to the issues in this case. If, under the issues in this case, the appellees were entitled to have had the relief asked, in case they established a dedication by the land-owners and an acceptance by the public, then an instruction of the character of this, correctly stating the law, would have been proper, but under the issues in this case it was immaterial whether or not the road was dedicated and accepted. The proceedings were not based on the theory of dedication, and there could not be any recovery on such grounds, though proof of dedication, or proof tending to show dedication, might be proper as corroborative on the question of user.

The first instruction given by the court on its own motion contains a description of the alleged road, differing in some respects from the description in the petition, but at the close states the issue presented correctly, but in the third instruction the court again brings prominently before the jury the question of dedication, and instructs the jury as to what will constitute a dedication.

The appellants asked the court to give numerous instructions, which were refused. In view of the fact that the evidence as to the dedication was admitted, instruction thirteen, requested, should have been given. It states, in effect, that the jury has been permitted to have the evidence as to acts and declaration of Shirly, who, it is claimed, at one time owned the land over which the alleged highway passes, tending to show that he set his fences so as to leave this land out for the use of the persons who desired to travel over it, and the public road authorities did some work upon the land to make and keep the way in repair; that such evidence was competent as tending to show that the land became a highway, its continuous and uninterrupted use by the general public without objection for a period of twenty years or

McKeen *et al. v.* Porter *et al.*

more, but should be considered only in relation to the question at issue, as to whether it became a public highway as the result of such use; that in a proper case such evidence would be proper as tending to establish a dedication, but that is not the issue in this case, but the issue is as to whether or not the road became a public highway by continuous use for over twenty years. The instruction correctly states the law and the issues, and should have been given. Especially this instruction should have been given in view of the fact that the other instructions to which we have referred in relation to dedication were given.

The verdict finds that the road was dedicated and was accepted.

It is, we think, clearly apparent that this case was placed before the jury in such a way and upon the theory that the appellees had the right to recover in case there had been a dedication, and such was not the issue joined in the case, and the case was tried upon the wrong theory.

The court erred in giving the first instruction requested by the appellees and in refusing to give the thirteenth instruction requested by the appellants, and for these errors the judgment must be reversed.

The other questions presented may not arise on a retrial of the cause, hence we do not consider them.

Judgment reversed, with instructions to the court below to grant a new trial, and to proceed in accordance with this opinion.

Filed May 10, 1893.