## ARMFIELD v. THE STATE.

[No. 3,469.   Filed October 25, 1901.]

WATERS AND WATER COURSES.—*Diverting Water Course.*—*Indictment.*—*Criminal Law.*—An indictment under §2154 Burns 1901 for diverting a stream of water from its natural course need not show that the injury complained of was to more than a single individual. *p. 489.*

SAME.—*Diverting Water Course.*—*Obstruction.*—*Instruction.*—In a prosecution for diverting a stream from its natural course, the court erred in using the word "obstructing" instead of "diverting" in an instruction defining the offense, since a stream may be obstructed without diverting it from its natural course. *pp. 489-491.*

From Jay Circuit Court; *J. M. Smith*, Judge.

John Armfield was convicted of the charge of unlawfully diverting a stream of water from its natural course, and appeals. *Reversed.*

*O. H. Adair* and *J. F. LaFollette*, for appellant.

*W. L. Taylor*, Attorney-General, and *D. E. Griner*, for State.

HENLEY, J.—Appellant was indicted, tried, and convicted under §2154 Burns 1901, which is as follows: "Whoever * * * unlawfully diverts any stream of water from its natural course or state, to the injury of others, * * * shall be fined not more than $500 nor less than $10." The indictment was in two counts; the second count was abandoned by the State and is not here in any way involved. It is assigned as error that the trial court erred in overruling appellant's motion to quash the indictment and that the trial court erred in overruling appellant's motion for a new trial.

Under the first specification of the assignment of errors counsel for appellant contend that the indictment should show that the injury complained of was to more than a single individual. It is sufficient to say in this regard that the case of *Paragon Paper Co.* v. *State*, 19 Ind. App. 314, decides the question adversely to appellant.

Under the second specification of the assignment of errors, counsel for appellant contend that the trial court erred in giving to the jury instruction numbered five, as follows: "A stream of water flowing over a man's land is a current of water flowing in one line or course between the banks or sides in a certain direction and by a regular channel, and there is a broad distinction between a stream and those occasional outbursts of water which in times of freshets fill up low marshy places and run over and inundate adjoining land. A stream need not be shown to flow continuously. It may be dry at times, but it must have a well defined and substantial existence. If therefore the proof in this case

should tend to show that instead of *obstructing* a stream of water as above defined the defendants *obstructed* only the temporary outbursts of water which are occasioned by freshets and surface water that come down from other lands above the land of Susanna Kinsey and one of the defendants, you could not convict the defendant in either event." The objectionable words are italicized. The tendency of this instruction was to confuse and mislead the jury as to the issue which was being tried. Appellant was not charged with obstructing a navigable stream or with obstructing a public drain or other body of water, all of which are misdemeanors under our statute. The charge was that appellant diverted the stream from its natural course. A stream can be obstructed by building a dam across it without diverting it from its natural course. The instruction placed the case before the jury in such a way that they were warranted in believing that they could convict appellant under the indictment if the evidence showed that he had obstructed the flow of the stream without diverting it from its natural course. It presented a different issue to the jury from that made by the indictment and plea. The instruction was erroneous and should not have been given. *McKeen* v. *Porter,* 134 Ind. 483.

Appellant asked that the court give to the jury instruction numbered three, viz.: "If you find from the evidence that the defendants, or either of them, have constructed an embankment or levee in such a manner that it extends a short distance into the channel of the Salamonie river; and you further find from the evidence that by reason thereof the river was not in any manner diverted from its natural channel, course, or state, the defendants, or either of them, would not be guilty as charged in the first count of the indictment."

This instruction should have been given. It was peculiarly applicable to the evidence and to the issue. It would also have corrected the erroneous impression conveyed to the jury by the giving of instruction numbered five as heretofore

set out. Neither the error in giving instruction numbered five, nor the error in refusing to give instruction numbered four was in any way cured by the other instructions given to the jury.

Judgment reversed, with instruction to the trial court to sustain appellant's motion for a new trial.