## THE INDIANAPOLIS STREET RAILWAY COMPANY
### *v.* TAYLOR.

[No. 19,537. Filed April 2, 1902.]

STREET RAILROADS.—*Wilful Injury.*—*Complaint.*—An averment in a complaint in an action against a street railroad company that defendant wilfully and maliciously ran its car against plaintiff and hurled him with great force and violence upon the roadway, and that he and his bicycle became entangled in the fender in front of the car, and that defendant's motorman, after he knew of

plaintiff's condition, wilfully, with intent to destroy plaintiff's life, continued to operate the car at a high rate of speed for a distance of 300 feet, during all of which distance plaintiff was dragged along said street and under the fender of the car, charges a wilful injury.  *pp. 276, 277.*

STREET RAILROADS.—*Wilful Injury.—Instruction.*—In an action against a street railroad company for personal injuries sustained through the alleged wilfulness of the motorman, an instruction that if the motorman knew that plaintiff was beneath the car and helpless, and knew that he could stop the car in time to prevent the infliction upon plaintiff of any injury he received, and with such knowledge did not stop the car, the defendant is liable to the plaintiff for all the injury received by him after the car could have been stopped, but was not, is erroneous, as it cannot be said that the facts stated in the instruction show, as a matter of law, a willingness to inflict the injury.  *pp. 277, 278.*

TRIAL.—*Contributory Negligence.—Personal Injuries.—Evidence.*—While under §359a Burns 1901 the burden of proving contributory negligence of plaintiff is upon the defendant, yet, if such negligence is shown by the evidence given on behalf of the plaintiff, it is as effective as if proved by the defendant.  *pp. 279, 280.*

From Shelby Circuit Court; *Douglas Morris*, Judge.

Action by Charles E. Taylor against the Indianapolis Street Railroad Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. Winters, W. H. Latta, K. M. Hord* and *E. K. Adams*, for appellant.

*W. V. Rooker, C. T. Hanna* and *T. A. Daily*, for appellee.

MONKS, J.—This action was brought by appellee to recover damages for personal injuries.  On November 11, 1899, appellant's railway had a double track on Illinois street, in the city of Indianapolis.  The west track was used by the south bound cars, and the east track by the north bound cars.  In the evening of that day, after dark, appellee was riding a bicycle on Vermont street, in said city, going eastward across Illinois street, and was struck by a south bound car when crossing said west track, and

carried some distance on Illinois street by the fender on said car. The first and second paragraphs of complaint are predicated upon the alleged negligence of appellant. The third paragraph charges a wilful injury. The only error assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial.

At the request of appellee, the court gave to the jury the following instruction: "If the defendant's motorman, in charge of the car complained of, knew of the plaintiff's peril, and that plaintiff was beneath said car, and helpless, and said servant knew that he could stop said car in time to prevent the infliction upon the plaintiff of any of the injury he received, if he received any, and the servant, with such knowledge, did not stop the car, then the defendant is liable to the plaintiff for all the injury received by him, if any, after the car could have been stopped, but was not." The giving of this instruction was assigned as cause for a new trial.

It is alleged in the first and second paragraphs that appellant negligently ran its street car against "appellee with great force and violence, and that he was caught by and under the fender and dragged a great distance, etc." It is not alleged in either of said paragraphs that appellant had any knowledge that appellee was under said fender, and with such knowledge failed to exercise ordinary care to stop said car, so as to bring either of said paragraphs within the rule declared in *Cleveland, etc., R. Co.* v. *Klee*, 154 Ind. 430, 434, 435. Said instruction did not, therefore, state the law applicable to either of said paragraphs.

The third paragraph of complaint charges that appellant wilfully and maliciously ran its car against appellee and hurled him with great force and violence upon the roadway, and that he and his bicycle became entangled with and under the fender in front of said car, and that appellant's motorman, after he knew of appellee's "perilous and helpless condition and circumstances, wilfully, with intent to

destroy appellant's life, continued to operate said car at a high rate of speed, for a distance of 300 feet, during all of which distance appellee was dragged along said street and under the fender of said car." This paragraph charges a wilful injury.

When the injury is wilfully inflicted, the contributory negligence of the injured party is not a defense. In such case the complaint should allege that the injurious act was purposely and intentionally committed, with the intent wilfully and purposely to inflict the injury complained of. "To constitute a wilful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict the injury complained of. It involves conduct which is *quasi* criminal." *Louisville, etc., R. Co.* v. *Bryan,* 107 Ind. 51, 63; *Cleveland, etc., R. Co.* v. *Miller,* 149 Ind. 490, 499-501; *Conner* v. *Citizens St. R. Co.,* 146 Ind. 430, 439; *Palmer* v. *Chicago, etc., R. Co.,* 112 Ind. 250; *Parker* v. *Pennsylvania Co.,* 134 Ind. 673, 677, 678, 23 L. R. A. 552, and cases cited.

It was said in *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385, 387: "As a rule of evidence, the presumption that every person intends the natural and probable consequences of his wrongful or unlawful acts applies as well in civil as in criminal cases; hence, the unlawful intent may be shown by direct evidence, or it may be inferred from conduct which shows a reckless disregard of consequences, and a willingness to inflict injury, by purposely and voluntarily doing an act, with knowledge that some one is unconsciously or unavoidably in a situation to be injured thereby. An act which in itself might be lawful becomes unlawful when done in a manner or under circumstances which charge the actor with knowledge that it will result in injury to some one. *Palmer* v. *Chicago, etc., R. Co.,* 112 Ind. 250; *Louisville, etc., R. Co.* v. *Ader,* 110 Ind. 376; *Louisville,*

*etc., R. Co.* v. *Bryan,* 107 Ind. 51; *Belt R. Co.* v. *Mann,* 107 Ind. 89; *Pennsylvania Co.* v. *Smith,* 98 Ind. 42."

It follows that, if the conduct of the motorman, after he became aware of appellee's dangerous and helpless condition, was not such that an intent to inflict the injury upon appellee might properly be inferred therefrom, the same was not wilful (*Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385, 387), and appellant was not liable therefor under the third paragraph of complaint.

Upon the facts stated in said instruction, it is evident that it can not be said as a matter of law that appellant was guilty of purposely and intentionally injuring appellee after he fell under the fender. It can not be said that such facts show, as matter of law, "a willingness to inflict the injury." How, or by what means, the motorman knew he could stop the car, is not stated; nor is it stated in what distance he knew he could stop the car. These matters are left entirely to conjecture. Moreover, there was no evidence given in the cause showing that the motorman knew he could stop the car before any injury was received by appellee after he was thrown under the fender. On the contrary, at the rate of speed the street car was going at the time of the collision, the same could not have been stopped instantly, and, therefore, could not have been stopped before any injury was received by appellee after he was under the fender.

There was evidence that the motorman reversed the power, applied the brake, and sanded the track as soon as he had knowledge of appellee's perilous condition, and did all within his power to stop the car. Evidence was also given from which it might be argued that such care was not exercised by the motorman to stop the car. The evidence shows that the car was stopped after the collision, and moved backward, so as to release appellee from the fender. There was a conflict in the evidence as to the distance the car

went after the motorman had knowledge of appellee's dangerous position before it was stopped. The instruction, in effect, declared that appellee was entitled to recover for the injury received after the car could have been stopped, even though the conduct of the motorman was not such that an intent to inflict the injury could be properly inferred therefrom, under the rule stated in *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385, 387.

Appellant requested the court to instruct the jury that, "if it affirmatively appears from the evidence that the plaintiff did not use due care to discover the approach of cars upon defendant's track before he attempted to cross the same, he cannot recover for any alleged negligence of the defendant." The court modified the instruction by adding thereto, "but the burden of proving contributory negligence on the part of the plaintiff rests on the defendant;" and gave said instruction as modified. By another instruction, the court correctly informed the jury that the contributory negligence, if any, of appellee was a defense to the first and second paragraphs of the complaint, and the burden of proving the same was upon the appellant. We have held the act of 1899 (Acts 1899, p. 58, §359a Burns 1901), which provides that contributory negligence in actions for personal injuries "shall be a matter of defense, and may be proved under the answer of general denial," constitutional (*Indianapolis St. R. Co.* v. *Robinson,* 157 Ind. 414), and adhere to that ruling. While under said act the burden of proving contributory negligence of the plaintiff is upon the defendant, yet, if such negligence is shown by the evidence given on behalf of the plaintiff, it is as effective as if proved by the defendant; and there can be no recovery in such case. This being true, if it affirmatively appeared from the evidence that appellee was guilty of contributory negligence, it was not material who had the burden of proof; and the words added by the court to said instruction were calculated,

at least, to mislead the jury and cause them to believe that plaintiff's contributory negligence could only be proved by witnesses who testified on behalf of appellant.

It may be that an examination of the record would show that the giving of said instruction as modified did not mislead the jury, and was therefore harmless; but as the case must be reversed for the error in giving the instruction first mentioned, it is not necessary to examine the record for that purpose. It is sufficient to call attention to the inaccuracy of any instruction that requires in express terms, or impliedly, that the contributory negligence of a plaintiff must be proved by the defendant. The jury should be informed that it is sufficient if the contributory negligence of the plaintiff is proved by a preponderance of the evidence, without regard to whether such evidence was given by the plaintiff or defendant, or by both.

There may be other instructions given open to the same objection; if so, what we have already said shows how that defect may be remedied.

Other questions are argued in the briefs, but as they may not arise on another trial it is not necessary to determine the same.

Judgment reversed, with instructions to sustain appellee's motion for a new trial, and for further proceedings not inconsistent with this opinion.