CHICAGO AND ERIE RAILROAD COMPANY *v.* RANS.

[No. 13,094. Filed May 17, 1928.]

*Holman, Bernetha & Miller* and *Follansbee, Shorey & Schupp*, for appellant.

*Arthur Metzler* and *Campbell & Emmons*, for appellee.

McMAHAN, J.—Action by appellee for injury to his person growing out of a motor truck in which he was riding being struck by a train at a crossing of appellant's railroad and a public highway. The first paragraph of complaint charges appellant with not giving the statutory signals. The second paragraph charges a failure to give the statutory signals; that the crossing was peculiarly and extremely dangerous because of its surroundings; that appellant had no watchman, alarm bells, or any device at the crossing to warn travelers of approaching trains, by reason of which appellant was negligent in running the train over the crossing at a dangerous speed; and that, at the time of the accident, a freight train was standing on one of the side tracks and extending over and on both sides of the crossing, said train having been cut just before the accident, so as to leave a passageway over the crossing sufficient to allow the truck to cross. That a brakeman in the employment of appellant came to the crossing, cut the freight train, and awaited the coming of the passenger train that struck appellee's truck. That, although the brakeman saw the passenger train coming, and also saw appellee all of the time after he was within 200 feet of the crossing, and knew he did not see the approaching train

and knew there would be a collision unless he gave appellee some warning of the approaching train, the brakeman negligently failed to give appellee any notice or warning of the oncoming train and that appellant thus negligently injured appellee.

Appellant's motion to separate the second paragraph into three separate paragraphs, its motion to strike out parts of the second paragraph, and its demurrer to each separate charge of negligence in the second paragraph of complaint, being overruled, appellant filed an answer in two paragraphs. The first paragraph of answer is a general denial, while the second set up the two year statute of limitations. A trial by jury resulted in a verdict and judgment in favor of appellee for $2,500.

Appellant contends the court erred in admitting certain evidence, in giving and in refusing to give certain tendered instructions. Appellee insists that no question is presented because of appellant's failure to comply with the rules of the court relating to the preparation of briefs. There is considerable merit in this contention, but we are of the opinion that the briefs are sufficient to show a good faith effort to challenge the action of the court in overruling the motion for a new trial, under which appellant presents the questions as heretofore indicated.

Instruction No. 24, tendered by appellee, and given by the court, related to that part of the second paragraph of complaint alleging negligence in running the train over the crossing at a dangerous rate of speed. The instruction set out the allegations of that part of the second paragraph of complaint describing the location of the railroad, the highway crossing and the surroundings making the crossing peculiarly dangerous, the failure of appellant to have a watchman, alarm bell, or other device at the crossing to warn travelers of approaching trains, the running of the train across the

crossing at a speed of from thirty-five to forty-five miles an hour. The instruction ended as follows: "If you find from a preponderance of the evidence on this charge that the plaintiff has proven the material allegations thereof, then I instruct you that the defendant was guilty of negligence in the operation of the train in question, and if you find that the plaintiff was free from negligence, and that the negligence of the defendant caused the injuries complained of, then your verdict should be for the plaintiff."

As indicated, this instruction was directed to that part of the second paragraph charging negligence in the manner of the operation of the train because of the surroundings. It did not relate to a failure to perform any statutory duty. It referred to and related to the allegations of the complaint charging a common-law duty and its violation in running the train over the crossing at a high rate of speed. By this instruction, the court told the jury, as a matter of law, that appellant was negligent if the material allegations of the part of the complaint referred to were proved by a preponderance of the evidence. In this the court erred. Whether appellant was negligent in this regard was a question of fact for the jury. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740.

Instruction No. 15, given at the request of appellee, is as follows: "I further instruct you that contributory negligence on the part of the plaintiff is not presumed from the mere fact, if it be a fact, that the plaintiff was injured. Contributory negligence must be proved by a preponderance of the evidence before you can find it to exist, and the burden of the proof is upon the defendant." On the authority of *T. J. Moss Tie Co.* v. *Hite* (1920), 190 Ind. 198, 128 N. E. 752, and *Newcastle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485, we hold there was no error

in the giving of this instruction. *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 63 N. E. 456, is not controlling. In addition to said instruction No. 15, it is to be noted that the court in instruction No. 4, told the jury that if it found from a "preponderance of all the evidence, facts and circumstances proven in the case," bearing upon the question of appellee's conduct, that in approaching the crossing, he used such care as an ordinarily prudent person would under like circumstances have used, he was free from contributory negligence. And in the fifth instruction, the court told the jury that the question of negligence and contributory negligence were questions of fact for the jury to decide from the evidence in the cause; that contributory negligence was a matter of defense and must be proved by a preponderance of the evidence. In several instructions given at the request of appellant, the jury was clearly given to understand that in determining whether appellant was guilty of negligence or appellee guilty of contributory negligence all of the evidence bearing upon the question should be considered. Appellant has no ground of complaint because of the giving of said instruction.

We find no error in the giving or in the refusing to give any of the other instructions of which complaint is made except as above indicated. Nor did the court err in the admission of the evidence of which complaint is made. The judgment, however, must be reversed for the error in giving said instruction No. 24.

Judgment reversed, with directions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

Dausman, J., absent.