ABLE *v.* BANE ET AL. ETC.

[No. 18,308. Filed February 3, 1953. Rehearing denied March 23, 1953. Transfer denied June 9, 1953.]

*Wickens & Wickens, Hugh D. Wickens* and *Hubert E. Wickens,* of Greensburg, *A. T. Conner,* of Columbus, and *Oren O. Swails,* of Seymour, (of counsel) for appellant.

*Thomas H. Braneman* and *Bruce Markel, Jr.,* of Brownstown, and *Frank Hamilton,* of Greensburg, for appellee.

KENDALL, J.—Frank M. Able, late of Decatur County, Indiana, died leaving a last Will and Testament in which he provided first for the payment of his debts, expenses of last sickness and death, and costs of administration. The remainder of his estate he devised and bequeathed as follows: Five Hundred ($500.00) Dollars, plus one-third of said remainder to his widow, Hilda M. Able, the appellant, and two-thirds in trust to the appellee, Jack Lewis Bane, and after the death of Jack Lewis Bane, the two-thirds interest in real estate and personal property was devised and bequeathed to the children of said Jack Lewis Bane should any survive him or to his lawful descendants, if any, provided, however, that the sum of Five Thousand ($5,000.00) Dollars should be given to Helen Mellencamp, appellee herein, if she should be alive at the time of the death of Jack Lewis Bane, and, in the event that

Jack Lewis Bane should die not leaving a lawful child, or descendants, then, after the payment of Five Thousand ($5,000.00) Dollars to Helen Mellencamp, the residue of said share of the deceased, Jack Lewis Bane, should be given to the heirs-at-law as determined by the law of descent of the estate of Frank M. Able. The probate of this will was challenged by a complaint filed by the appellant in which she alleged that her husband, Frank M. Able, was of unsound mind and unduly influenced at the time he executed said pretended last Will and Testament. This issue was tried by jury and resulted in a verdict for the appellees, the proponents of the will, to the effect that said will is valid and the judgment is that it be admitted to probate.

The error assigned for reversal is the overruling of appellant's motion for a new trial. One of the assignments of error in the motion for a new trial is that the court erred in giving to the jury of its own motion Instruction Number Five, which Instruction is as follows:

"The power to make a will is created by statute. All persons, except infants and persons of unsound mind, may devise by last will and testament, any interest descendible to their heirs, which they may have in any lands, tenements and hereditiments or in any personal property, to any person or corporation capable of holding the same.

"A person who is competent to make a will has the absolute right to make a will disposing of all his property both real and personal over and above that portion of it required to pay his debts and expenses to whomsoever he pleases."

Appellants' objections to this instruction were that it is not a correct statement of the law, and that it was particularly misleading in the present case because it is an action by the surviving wife to resist the probate

and to contest the alleged last will of her husband, and that it was improper to state to the jury that the husband may make "a will disposing of all his property both real and personal over and above that portion of is required to pay his debts and expenses to whomsoever he pleases; that under the law the widow has absolute right to claim a certain share in the real estate of her husband and he cannot dispose of such interest." The appellees assert that such instruction correctly states the law and that such instruction represents a correct interpretation of Burns' Stat., §7-101, which deals with whom may make a will and provides as follows:

> "*All Persons Except Infants and Persons of Unsound Mind*—All persons except infants and persons of unsound mind may devise by last will and testament any interest descendible to their heirs which they may have in any land, tenements and hereditiments or in any personal property to any person or corporation capable of holding the same."

The question before this court is whether or not said court's Instruction Number Five is a fair interpretation of the statutes and whether or not in view of its mandatory nature and firmness by the use of the word "absolute" and the use of the word "all" were prejudicial to the rights of appellant herein.

The appellees assert that such instruction was proper in that it was a statement of the statute with reference to the making of wills and the proper legal interpretation thereof, and that the appellant was not entitled to an instruction with reference to the widow's right of election or with reference to the widow's rights under the laws of descent and that the sole issue before the court was the validity of the testator's will. While, as appellees assert, the question before

the court was the validity of decedent's will, and while it was not within the province of the jury to compare the provisions of the will with the law of descent and, while, a testator is not bound by any fixed canons of descent either as to persons or size of provision, *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5, 110 N. E. 662; *Long* v. *Neal* (1921), 191 Ind. 118, 132 N. E. 252; *Workman* v. *Workman* (1943), 113 Ind. App. 245, 46 N. E. 2d 718, the question we are called upon to determine by reason of the instruction in question and the appellant's objection thereto, is whether such instruction was a proper statement of the law with reference to the testamentary provisions of the statute and the law interpretating the same. The first paragraph of such instruction was a proper statement of the law with reference to testamentary disposition. However, the second paragraph of such instruction contains the statement that a person who is competent to make a will has the *absolute* right to make a will disposing of all his property over and above that portion of it required to pay his debts and expenses to whomsoever he pleases.

We are of the opinion that the jury could determine by court's Instruction Number Five that the decedent in this case did have the sole, exclusive and absolute right to do with all his property whatever he cared to. From Item Two of the will and from said court's Instruction Number Five a jury might easily believe that the decedent had been more generous than what the law would have required. If a man should attempt to give *all* (our emphasis) his property to some person other than his wife, "or to whomsoever he pleased", as used in the instruction, actually his attempt would not be effective and the rights of his widow still would be saved to her without an election on her part

to take under the law. Where all the property of a decedent or testator is given to someone other than the surviving wife, she is not required to elect, but, on his death the share given to her vests in her by law. *Chapman* v. *Bender* (1919), 71 Ind. App. 115, 118, 119, 124 N. E. 397; *Studebaker Bros. Mfg. Co.* v. *DeMoss* (1916), 62 Ind. App. 635, 643, 644, 113 N. E. 417.

If in Indiana a wife did not have any fixed rights of inheritance, then the court's Instruction Number Five would not be misleading to the jury. We think the court's Instruction Number Five would be correct if only applied to prospective heirs who have no fixed rights of inheritance in an estate of an ancestor. *Taylor* v. *Cox* (1894), 153 Ill. 220; 38 N. E. 656. But, in Indiana under our statutes, quoted *supra*, the widow has definite fixed rights of inheritance which cannot be dispensed with by the act or actions of a husband in the execution of a will.

Burns' Stat., §6-2332, *supra*, was interpreted by this court in the case of *Haas* v. *Haas* (1951), 121 Ind. App. 335; 96 N. E. 2d 116, 119, in which the court said:

> "The purpose and effect of §6-2332, supra, is to make it impossible for a married man by testamentary disposition of his property to deprive his widow of a full one-third thereof. It has no application in cases of intestacy and therefore the choice a widow has is between the one-third, of which the law says she cannot be deprived and what she gets under the terms of a valid will. In other words, the election statute is predicated upon the assistance of a valid will.".

The appellees argue in their brief that there was no question before the court or jury, at the time of giving court's Instruction Number Five or the making of appellant's objection to the same, of the rights of a widow's election—of the fact that any error would be made and

that the only matter before the court or jury was the validity of Frank M. Able's will. While this is true, we believe that under the issues, the evidence presented, and the fact that a widow survived renders the court's Instruction Number Five too broad in scope and to be prejudicial.

The appellees contend in their brief and argument that §7-101, *supra,* was intended to grant testamentary power to all persons except infants and persons of unsound mind; to devise *all* (our emphasis) property to whomsoever they saw fit, and that the same is unquestionably shown by Burns' Stat., §7-102. Likewise, appellees contend that a person may dispose of all his property as he sees fit except the portion necessary to pay debts and cites Henry's, *Probate Law,* §566 (Fourth Ed.), a portion of which is as follows:

> "A person who is competent to make a will has the absolute right to dispose of all his property, both real and personal, all over and above that portion of it required to pay his debts and expenses to whomsoever he pleases. He may entirely disinherit his children, if he chooses to do so, and his motive for so doing cannot be called in question."

In Henry's, *Probate Law* there is cited the case of *Addington* v. *Wilson* (1854), 5 Ind. 137. The section quoted in Henry's *Probate Law* and cases cited thereunder are not in point for they deal with disinheriting children. We deal with the question as to whether or not a wife may be disinherited by the terms of a will when a jury is instructed that a husband had the absolute right to dispose of all his property both real and personal over and above that portion of it required to pay his debts and expenses to whomsoever he pleases.

We believe that the court's Instruction Number Five is misleading, and is not a correct pronouncement of

the law in view of the wording thereof, and that it presented to the jury a wrong theory for determining the validity of a will and constitutes reversible error. The courts have held that where an instruction, even though correct in point of law but not within the issue of the case, is given, such instruction, if tending to mislead the jury into a wrong theory of the case would amount to reversible error. *McKeen* v. *Porter* (1893), 134 Ind. 483, 34 N. E. 223.

We do not believe that the instruction judged by its four corners fairly or correctly states the law applicable to the pleadings and the evidence in this case, and that the jury could probably be misled to the appellant's prejudice.

Since this cause is to be reversed on the error committed in giving of court's Instruction Number Five, there is not any need for the court to comment upon the other alleged errors claimed to have been committed as it is unlikely that they will re-occur upon the re-trial of this case.

Judgment reversed with instructions to the court to sustain plaintiff's motion for new trial.

Crumpacker, P. J., not participating.

NOTE.—Reported in 110 N. E. 2d 306.