Ralfe KAMINSKI, Plaintiff-Appellant,

v.

Chester MEADOWS, Defendant-Appellee.

No. 12462.

United States Court of Appeals Seventh Circuit.

March 10, 1959.

---

John T. Goldrick, Chicago, Ill., for appellant.

Frederick C. Crumpacker, Valparaiso, Ind., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

Ralfe Kaminski, plaintiff-appellant, brought this diversity action against Chester Meadows, defendant-appellee, to recover damages for injuries arising out of an automobile collision alleged to have been occasioned by the negligence of defendant in driving his automobile. The accident occurred at the intersection of U. S. Highway 30 and Indiana Highway 2 near Valparaiso, Indiana. We are governed by the law of the State of Indiana. There was a trial by jury resulting in a verdict for defendant upon which the district court entered judgment from which this appeal is taken. The errors relied upon arise out of rulings on the admission of certain evidence, the giving of an instruction as to plaintiff's contributory negligence and the denial of plaintiff's motion for a new trial.

Because of the nature of the issues to be determined, a full statement of all the facts surrounding this collision is not required. We shall mention only those relating directly to the questions raised.

Plaintiff first contends that the trial court erred in admitting certain testimony of plaintiff's witness, Ronald Stevens, upon cross-examination, concerning a declaration made to the witness by defendant shortly after and at the scene of the accident. Stevens, a deputy sheriff of the county in which the accident happened, was called by plaintiff to testify as to what he observed at the scene of the accident when he arrived and as to what he did in the performance of his duties.

The record shows that Stevens, after receiving a call reporting the accident, arrived at the scene within a few minutes (plaintiff's brief states "this was about 5 to 10 minutes after the collision"), found the ambulance already there, took charge and began his investigation. Plaintiff's counsel then asked, on direct examination:

"Q. *Immediately after this accident*, Mr. Stevens, did you have occasion to talk to any of the parties involved? (Our emphasis.) A. Yes, sir.

"Q. Did you have a conversation with the defendant, Mr. Meadows? A. Yes, sir.

"Q. Who was present? A. Just Mr. Meadows and myself.

"Q. Was Mr. Kaminski there? A. No, sir."

In answer to further questions, Stevens testified that he had a conversation with Cyril Kaminski, plaintiff's brother and driver of car in which plaintiff was riding at the time of the accident, with no one else present, and that he did not talk with plaintiff. Stevens was not asked and did not relate the substance of either of these conversations on direct examination.

On cross-examination by defendant's counsel, Stevens testified that after helping put plaintiff in the ambulance, setting up fusees and taking care of the traffic, he had a conversation with defendant who came to him looking "all right, a little shaken." Defendant's counsel then asked, "What did he say to you?" Ob-

jection was made by plaintiff on the ground that this was hearsay, the declaration called for being outside the presence of plaintiff. Defendant urged that it was part of the *res gestae,* to which plaintiff answered that it was not competent "unless counsel can show that it happened so quickly after the accident as to be part of the *res gestae.*" During the colloquy the trial court indicated that he thought he would overrule the objection because plaintiff had asked the witness on direct examination whether he talked to defendant, and that plaintiff then did not choose to ask about it further. After further discussion the court then stated he would overrule the objection and plaintiff's counsel made his formal objection for the record, as follows:

"I am going to object to the question as to what the conversation was, on the ground that it was improper cross-examination where the witness has testified that the conversation was held out of the hearing of the plaintiff, and my asking the question as to whether he had a conversation and asking who was present did not open up the subject for cross-examination."

The court overruled the objection (without assigning any specific reasons) and the witness answered as follows:

"A. Mr. Meadows stated to me that he was headed west on U. S. 30, and that as he approached the intersection he pulled into the left turn lane to make a left turn, and that the green arrow was lit as he made his left turn.

"Q. I will ask you whether or not he did not also further state that the driver of the other car did not stop but came through and struck him. A. Yes, sir."

■■ It is fundamental that "when the direct examination opens on a general subject, the cross-examination may go into any phase of that subject, and cannot be restricted to mere parts of a general and continuous subject which constitutes a unity." Osburn v. State, 1905, 164 Ind. 262, 275, 73 N.E. 601, 606. As pointed out in 58 Am.Jur. 352, the application of this rule "is sometimes attended with considerable difficulty, because it is not always easy to determine what is within and what is without the scope of the direct examination. Therefore, *much is necessarily left to the sound discretion of the trial court in determining what is proper cross-examination, * * *.*" (Our emphasis.)

■ Each party has argued the question of whether or not the testimony was admissible as part of the *res gestae.* This necessarily turns on the factual situation in each case, and *"is a matter within the sound discretion of the trial court,* the determination of which is ordinarily conclusive on appeal, in the absence of a clear abuse of discretion." (Our emphasis.) 20 Am.Jur. 557. Whether the declaration could be so received "was peculiarly for the trial court to determine under all the circumstances in issue * * *." Cincinnati, H. & D. R. Co. v. Gross, 1917, 186 Ind. 471, 477, 114 N.E. 962, 965. The latest expression on this subject by the Appellate Court of Indiana is that "Indiana is firmly committed to the rule that the admission of evidence coming within the *res gestae* rule is peculiarly within the discretion of the trial court. * * * (citing cases)." Kreuger v. Neumann, Ind.App. 1958, 154 N.E.2d 741, 745.

There is no merit in plaintiff's contention that defendant has raised the question of *res gestae* for the first time on this appeal. The record clearly shows otherwise. It was argued by both parties at the time plaintiff objected to the question under consideration. It is interesting to note that plaintiff sought to invoke the *res gestae* doctrine in examination of his witness, Karcher. Karcher was the driver of a truck at the scene of the accident and was an eye-witness. On direct examination plaintiff's counsel asked Karcher what defendant said to him at the scene of, and shortly after, the accident. Defendant objected and plaintiff's counsel then argued to the court that: "It is a part of the *res*

*gestae.*" The objection was overruled and Karcher was permitted to answer, as follows: "I asked the man [defendant] what caused him to do that, and he replied to me, he said, 'I do not know.' "

We have carefully examined the record of the evidence in this case and conclude that there is no showing of an abuse of discretion by the trial court in receiving this testimony on cross-examination as coming within the scope of the subject matter inquired into on direct examination, and that it was not reversible error to so rule. Having so held, we need not decide whether it was properly admissible as part of the *res gestae.*

Plaintiff's remaining contention is that he was free from contributory negligence as a matter of law and that the trial court erred in instructing the jury on the subject of contributory negligence. The record shows that at the close of all the evidence defendant sought and was granted leave, over plaintiff's objection, to file a second paragraph of answer pleading the defense of contributory negligence. Plaintiff makes no objection to the form of this instruction but contends that it was improper to give any instruction on this issue. Since, in Indiana the jury returns only a general verdict for the prevailing party; and since no special interrogatories were directed to the jury on the question of contributory negligence, we have no way of knowing how the jury determined this particular issue.

An Indiana statute provides that contributory negligence on the part of the plaintiff is a matter of defense (Burns' Ind.Ann.Stat. § 2–1025 (1946 Repl.)), and it has long been held that the "statute places the burden of proving contributory negligence on the defendant in a personal injury case." Lincoln Operating Co. v. Gillis, 1953, 232 Ind. 551, 556, 114 N.E.2d 873, 875. It is equally well-settled that contributory negligence may be established "without regard to whether such evidence was given by the plaintiff or defendant, or by both." Indianapolis Street Ry. Co. v. Taylor, 1902, 158 Ind. 274, 279, 63 N.E. 456, 458.

In Lincoln Operating Co. v. Gillis, supra, 232 Ind. at pages 555–556, 114 N.E.2d at page 875, the Supreme Court of Indiana in determining whether plaintiff was guilty of contributory negligence as a matter of law, reaffirmed its rule that: "If the facts are in dispute, or if reasonable men may draw different conclusions from undisputed facts, the question of negligence is one for the jury; but if the facts are not in dispute, or if the facts most favorable to the proponent, together with all reasonable and logical inference that may be drawn therefrom be assumed as true, and reasonable men could draw only one inference from such assumed facts and inferences, then the question of negligence becomes one of law for the court."

Plaintiff was riding as a guest of the operator of the vehicle (his brother) at the time of the accident and was "required to use that degree of care for his own safety that an ordinarily prudent person in like circumstances would use under the same or similar conditions." Stull v. Davidson, 1955, 125 Ind.App. 565, 582–583, 127 N.E.2d 130, 138. Further, it has been held that "[w]hat prudence and the exercise of care would require persons to do in an interval of a few seconds to guard against injury by the negligent acts of another, was peculiarly a question for the jury." General American Tank Car Corp. v. Melville, 1929, 198 Ind. 529, 536, 145 N.E. 890, 893.

The only evidence bearing on contributory negligence was the testimony of plaintiff and his brother, the driver of the car. This shows that plaintiff was sitting in the right hand corner of the seat to the right of his brother looking across the left front fender, listening to music on the car radio and talking to his brother. Plaintiff was, himself, an experienced driver. The car had been traveling about 55 to 60 miles an hour on a four-lane highway and, as it approached a curve, it slowed down while passing a truck. The car again picked up speed and as it approached the intersection at a distance of about 150 feet, plaintiff said he saw a car making a left turn

in front of them and called to his brother, "The guy is coming through." The car slowed down and the collision followed. Plaintiff said that he did not observe the traffic signals at the intersection, that he had not been paying any particular attention to traffic on the highway, and that he did not feel any obligation either to watch for traffic lights or generally with reference to his brother's driving of the car. Plaintiff's brother testified that "coming out of the turn, I noticed the light was red, so I began to slow down the car, waiting for the light to change; and then the light changed, I stepped on the gas, and started to proceed; and then Mr. Meadows' car came in front of mine, and there was a collision." He indicated further that he was about 100 feet away when plaintiff first called his attention to defendant's car, and was traveling about 35 miles an hour at the time of the impact. It was daylight and the driver had an unobstructed view of defendant's car.

From these facts and circumstances we hold that the question of whether plaintiff exercised that degree of care required of him for his own safety, under the rules above stated, was properly one for the jury to determine, and that plaintiff was not free from contributory negligence as a matter of law. The trial court did not err in instructing the jury on this issue.

We have carefully considered the cases cited by plaintiff on this proposition and find them inapplicable for the reason that they involve situations in which there was either no evidence or there could not have been any evidence of contributory negligence. There were in those cases no facts from which reasonable men could draw different inferences and conclusions. All of the cases cited by both parties point out the necessity for courts of appeal to place a reasonable measure of reliance upon the fairness of the trial court in exercising its discretion in such matters. The resolution of such disputes should be approached in a spirit of liberality to the end that substantial justice may be done.

We hold the trial court properly denied plaintiff's motion for a new trial, and the judgment is

Affirmed.

PARKINSON, Circuit Judge (dissenting).

The majority holds that an investigating officer of the law called to the scene of an automobile collision could testify, over objection, on defendant's cross-examination to a self-serving exculpatory declaration made by the defendant to him in the absence of the plaintiff when the defendant walked up to the officer's car and made the deliberate exonerating statement although no part of the conversation was inquired into nor was even one syllable of one word of that conversation testified to on direct examination, and also holds that when the undisputed evidence is that the plaintiff, who was a guest in an automobile involved in the collision, was watching, that he saw and that he warned the driver, a jury question as to whether he was or was not guilty of contributory negligence was presented. I do not believe either holding is the law in Indiana and I must, therefore, respectfully dissent.

The majority does not decide whether defendant's self-serving declaration was admissible as part of the *res gestae* but holds that it was admissible on cross-examination within the discretion of the District Court because the investigating officer testified to the limited fact on direct examination that he had a conversation with the defendant but it was out of the presence of the plaintiff. Accordingly I make no comment on the *res gestae* question other than to observe that I can visualize the testimonial gallimaufry which would result if the question of liability is to be determined judicially on self-serving declarations made by one party in the absence of the other, to an officer of the law who responds to a call to and arrives at the scene of the collision to investigate.

The District Court overruled the plaintiff's objection, which was as follows:

"I am going to object to the question as to what the conversation was, on the ground that it is improper cross-examination where the witness has testified that the conversation was held out of the hearing of the plaintiff, *and my asking the question as to whether he had a conversation and asking who was present did not open up the subject for cross-examination.*" (Our italics.)

Thus the objection of the plaintiff placed the issue unequivocally and squarely before the court that the question called for a conversation between the witness and the defendant *in the absence of the plaintiff* and was not opened up by the plaintiff on direct examination. Accordingly all reference to *res gestae* in the majority opinion is pure dicta because if the objection, as stated, was erroneously overruled the District Court committed reversible error as there is no question but that the admitted evidence was prejudicial to the plaintiff.

Having been a state and federal trial judge in Indiana for over twenty years I fully realize that "it is not always easy to determine what is within and what is without the scope of the direct examination" and "[t]herefore, much is necessarily left to the sound discretion of the trial court in determining what is proper cross-examination," but it takes no judicial genius to know whether any portion of a conversation has been inquired about or testified to on direct examination. If no part of an oral statement or conversation has been put in evidence by a party on direct examination his opponent cannot, over objection, go into the subject matter thereof. It is only when a part of an oral statement has been put in on direct examination that an opponent, on cross-examination, may put in the remainder of what was said on the same subject at the same time. Wigmore Vol. VII, 3rd Edition, § 2115.

The case of Osburn v. State, 1905, 164 Ind. 262, 73 N.E. 601, 606, is inapposite. The declaration there in question was clearly competent. "The state was entitled to prove said declaration of appellant, and the most that can be said is that it was not proper to be brought out on cross-examination." The Supreme Court of Indiana then held further that the defendant was not, therefore, affected by its admission on cross-examination since the witness could have "testified to said statement in his examination in chief in regular order." We all know that it is in this field of admitting evidence out of order that the trial court has the right to exercise discretion but no trial court can, over objection, admit prejudicially incompetent evidence either in or out of order or either with or without discretion.

Here the defendant was permitted to prove by the investigating officer of the law that he told the officer in the absence of the plaintiff "that the green arrow was lit as he made his left turn" and that the driver of the car in which plaintiff was riding "came through and struck him". Certainly no one would have the temerity to contend that those self-serving declarations would have been competent proof on direct examination if the officer had been called as a witness for the defendant. Thus it was not a question of evidence being received out of order, wherein the trial court does have discretion, but this is a case where the District Court overruled the plaintiff's objection for the reason that counsel for the plaintiff "asked him on direct whether he talked to the defendant." This was clearly erroneous as no part of the conversation having been called for by the plaintiff, the admission of testimony dealing with what was said by the defendant to the officer could not have been justified by recourse to the rule that permits the whole of a conversation to be developed where a part has been drawn out by the plaintiff on direct examination. Hicks v. State, 1937, 213 Ind. 277, 294, 11 N.E.2d 171, 12 N.E.2d 501.

The plaintiff was not the driver of the car but rather was riding as a guest therein. Under the law in Indiana a

guest riding in an automobile is required to exercise only that degree of care for his own safety as would an ordinarily prudent person under like circumstances. However, in a case such as this the law in Indiana requires a guest to watch, see and warn as the absolute maximum to meet the standards of due care. When he has done all three of those things he is not guilty of contributory negligence as a matter of law, City of Union City v. Fisher, 1930, 91 Ind.App. 672, 676–677, 173 N.E. 330; Lindley v. Sink, 1940, 218 Ind. 1, 19, 30 N.E.2d 456, 2 A.L.R.2d 772; and the giving of the instruction on contributory negligence was, therefore, reversible error. Gergely v. Moore, 1954, 125 Ind.App. 263, 267, 120 N.E.2d 637, 122 N.E.2d 142, transfer to Supreme Court denied 2/9/55.

Here the undisputed evidence is that the plaintiff was watching, he saw the defendant's car was not going to stop and then warned the driver by calling to him: "The guy is coming through." Thus the plaintiff did everything which an ordinarily prudent person would have done under the same or similar circumstances and failed to do nothing which an ordinarily prudent person would have done under the same or similar circumstances. In short there was nothing more he could possibly have done. He met the maximum requirements and the evidence being undisputed reasonable men could draw no other inference but that the plaintiff was completely free from contributory negligence. The law in Indiana is well established that the plaintiff having watched, having seen and having warned the driver he was not guilty of contributory negligence as a matter of law and the trial court committed reversible error in permitting that issue to go to the jury.

Not only was it reversible error to submit the issue of contributory negligence to the jury but that error was compounded when the District Court, over plaintiff's objection, permitted the defendant to reopen the issues at the conclusion of all the evidence and file an additional answer raising the defense for the first time.

If there ever was a verdict based on a record pregnant with flagrant reversible error this is it. I would reverse and remand for a new trial.