HORTON B/N/F NELSON *v.* SATER.

[No. 20,395. Filed November 22, 1966. Rehearing denied
December 12, 1966.]

*Richard W. Yarling, Donald L. Tunnell,* and *Yarling, Winter and Tunnell,* all of Indianapolis, for appellant.

*Richard Smith, Robert W. Geddes,* and *Smith & Jones,* all of Indianapolis, for appellee.

SMITH, C.J.—Brenda Nelson Horton, the plaintiff-appellant in this action, seeks damages for injuries to her person incurred in a collision between two automobiles at the intersection of Highway 52 and Arlington Avenue in Indianapolis, Indiana. The appellant was a passenger in a car driven by her fiance, Ronald Horton, on the morning of December 25, 1962. Mr. Horton attempted to turn left at the intersection, and, in so doing, he collided with a car driven by the defendant-appellee, Gary A. Sater, who was proceeding through the intersection. The traffic light at the time of the collision was allegedly yellow soon to change to red. From the record evidence it appears that the appellee was not exceeding the posted speed limit as he approached the intersection. The appellant saw the appellee's car when it was about 10 yards away and cried, "He's going to hit us." Mr. Horton accelerated to avoid the appellee, but failed. The appellant was thrown from the car and severely injured. She spent 18 days in the hospital with later complications, and now seeks $77,600.00 in damages.

The appellant in her complaint alleged in substance that her injuries were a result of the careless and negligent conduct and omissions of the appellee.

Trial was had by jury which returned a verdict for the defendant-appellee. The appellant filed a motion for a new

trial which motion was overruled and judgment was entered for the appellee.

The appellant assigns as error the overruling of her motion for a new trial and specifically urges: (1) that the court erred in sustaining appellee's objection to appellant's question concerning the traffic convictions of the appellee subsequent to February 24, 1964; (2) that the court erred in refusing to give the appellant's tendered instructions numbered 7, 8, 12, 15 and 18; and (3) that the court erred in giving instructions relating to the law of contributory negligence.

The appellant maintains that the court erred in giving the appellee's tendered instruction numbered 5 and the court's instructions numbered 8 and 20. She argues that said instructions pertain to the law of contributory negligence, when in fact there is no evidence in the record upon which the jury could base a finding of contributory negligence.

The above instructions read as follows:

"No. 5. The defense of contributory negligence is an issue in this case. Contributory negligence is the failure of a plaintiff to use reasonable care to avoid injury to herself. Contributory negligence which proximately contributes to cause the injuries complained of completely bars any recovery by a plaintiff.

"No. 8. Contributory negligence is that negligence which, on the part of the plaintiff, contributes to the cause of complaint or injury.

"No. 20. The law of this states does not recognize the doctrine of comparative negligence. Therefore, if you find from a preponderance of the evidence that the plaintiff was negligent and that such negligence proximately contributed to cause her injuries, the plaintiff cannot recover on account of any negligence of the defendant, even though the plaintiff's negligence may have been slight as compared with the negligence of the defendant.

Under Indiana law a passenger in an automobile is required to use that degree of care for his own safety that an ordinary

prudent person in like circumstances would use, and the burden of proving that a plaintiff passenger was contributorily negligent in not exercising ordinary care for his own safety is upon the defendant. *Kaminski* v. *Meadows,* 264 F. 2d 53 (7th Cir. 1959). An occupant may have a duty to warn the driver of a danger of which the occupant is aware, but an occupant may ordinarily rely on the assumption that the driver will exercise proper care and caution, and need not generally keep a lookout for approaching automobiles. *Automobiles,* § 87, I.L.E., p. 443.

An examination of the cases involving the duty of a passenger to warn the driver of an automobile of approaching danger reveals that each case must be considered in light of the particular circumstances surrounding it.

In our opinion, the record in the case at bar is absent any evidence of contributory negligence on the part of the appellant. Appellant first became aware of the appellee's approaching automobile when it was approximately 10 yards away. Upon seeing the appellee's automobile, the appellant said, "Ronnie, he's going to hit us." It is apparent that the appellant complied with the duty to warn as soon as she became aware of the danger.

The appellee maintains that the appellant was negligent in failing to see the appellee's automobile before it was within 10 yards of the appellant's automobile. The issue is not, however, when the appellant saw the approaching car, but instead when she first realized that there was apparent danger of the car not stopping. Under the circumstances, it would be impossible for the court to determine at what point one may ascertain when a car is going to stop or proceed. Upon the issue of appellant's failure to see the appellee's car before it was 10 yards away, the Supreme Court of our state has stated that a passenger is not required in the ordinary operation of a motor vehicle to be constantly alert in order to raise an instant warning if danger should arise. *Lindley* v. *Sink*

(1940), 218 Ind. 1, 30 N. E. 2d 456, 2 ALR 2d 772; See also, *Darling* v. *Browning* (1938), 120 W. Va. 666, 200 S. E. 737.

A guest cannot be charged with contributory negligence if, by such use of his eyes and ears as the situation permits, and such as a prudent person would have made, he fails to discover a peril in time to avoid an accident. We are of the opinion that the appellant upheld her duty as a passenger to warn the driver, and under the circumstances of this case there was a total absence from the record of any evidence of contributory negligence upon which to base an instruction to the jury.

The giving of instructions numbered 5, 8 and 20 was prejudicial error on the part of the trial court. *Able* v. *Bane et al. etc.* (1953), 123 Ind. App. 585, 110 N. E. (2d) 306; *Garatoni; Garatoni* v. *Teegarden* (1958), 129 Ind. App. 500, 154 N. E. (2d) 379. Contributory negligence was not an issue in this case nor was any evidence of such present in the record.

In our opinion, the trial court erred in overruling appellant's motion for a new trial. This case is hereby reversed and remanded to the trial court with instructions to sustain appellant's motion for a new trial.

Judgment reversed.

Bierly and Hunter, JJ., concur.

Mote, J. Dissents with opinion.

### DISSENTING OPINION

MOTE, P.J.—The majority opinion and decision herein appears to be predicated upon alleged error of the trial court in the giving of appellee's tendered Instructions Numbers 5, 8 and 20, which are as follows:

"Instruction No. 5. The defense of contributory negligence is an issue in this case.

"Instruction No. 8. The plaintiff was under a duty to give her driver a timely warning of any approaching danger

which she saw or, in the exercise of reasonable care, should have seen when it appeared that her driver was unaware of such approaching danger.

"Instruction No. 20. The law of this State does not recognize the doctrine of comparative negligence.

"Therefore, if you find from a preponderance of the evidence that the Plaintiff was negligent and that such negligence proximately contributed to cause his injuries, the Plaintiff cannot recover on account."

The reasons asserted for such error is that contributory negligence is not an issue in the cause and that there is no evidence of such contributory negligence in the record. The presumption, I suppose, is that it is prejudicial and reversible error to instruct a jury on a theory proof of which is absent from the record.

While I have no dispute with the theory, I am not impressed with the contention that contributory negligence, by its very definition and a definition called upon in support of the majority, was not a factor to be considered by the jury. Not, of course, that appellant in fact was guilty of contributory negligence, but that the jury would have an opportunity to determine the issue.

It is difficult for me to perceive, without a stipulation or agreement in the record, a situation involving a claim for damages at common law which would entirely eliminate from the consideration of the jury whether the claimant, as here, was or was not guilty of contributory negligence.

Does not the jury, and not the court, possess the role of determining whether a passenger in an automobile "has used that degree of care for his own safety that an ordinary prudent person in like circumstances would use."

It seems to me that *Kaminski* v. *Meadows,* 264 F. 2d 53, (7th Cir . . . 1959) ; and *Tuttle* v. *Reid* (1964), 198 N. E. 2d 610, sustain my view.

That "a guest cannot be charged with contributory negligence if, by such use of his eyes and ears as the situation per-

mits, and such as a prudent person would have made, he fails to discover a peril in time to avoid an accident" may be admitted. But to reverse a trial court judgment based upon a jury verdict with the conclusion that appellant upheld her duty as a passenger to warn the driver and *under the circumstances of this case* completely, and as a matter of law, proceeds too far for my own imagination, at least.

It is my view that the record evidence and the legitimate inferences to be drawn therefrom required submission to the jury the question of contributory negligence.

I would affirm the judgment.

NOTE.—Reported in 221 N. E. 2d 452.